# JOHN EMMELUTH v. THE BOARD OF SUPERVISORS OF THE COUNTY OF OAHU.

RESERVED QUESTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED AUGUST 31, 1908.                    DECIDED SEPTEMBER 3 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

MANDAMUS—*right of citizen and taxpayer.*

The right of a citizen and taxpayer to mandamus against public officers acting under a statute alleged to be void, based upon an anticipatory refusal, is not passed on in view of waiver of the point by defendants and the sustaining of a demurrer on other grounds.

MUNICIPAL CORPORATIONS—*creation in Hawaii.*

Sec. 56 of the Organic Act authorizes the creation of county and city municipalities by special act, superseding, in respect to Hawaii, the general prohibition of act of July 30, 1886, ch. 818. The provisions in Sec. 55 prohibiting the granting of private charters and special franchises do not apply to municipal corporations.

CONSTITUTIONAL LAW—*statute void in part.*

The qualifications for voters under the Municipal Act (S. L. 1907, Act 118) being in conflict with those defined by the Organic Act may be disregarded without impairing the validity of the remainder of the act.

OPINION OF THE COURT BY HARTWELL, C.J.

The petitioner, as a citizen of the United States and the Territory, and of the County of Oahu, a taxpayer and elector in the Territory and County, filed a petition before the circuit judge for a writ of mandamus directed to the board of supervisors of the County of Oahu commanding them forthwith to proceed and issue a proclamation concerning a county election for the County of Oahu, and to transmit copies of the same to the several boards of inspectors throughout the County of Oahu and to cause the proclamation to be posted in the manner required by law and to do all acts and things required of them under and by

virtue of an act creating counties within the Territory of Hawaii, and providing for the government thereof passed April 14, 1905, setting forth in his petition that the board of supervisors had neglected and refused to issue a proclamation concerning county elections and to post the proclamation in the manner required by Sec. 36 of the act, and that they declined and refused at any time to issue the proclamation, and as the petitioner is informed and believes and so alleges will not issue it at least sixty days before the general election or at any other time as by the act required, the board of supervisors claiming that the act is repealed by an act entitled "An Act Incorporating the City and County of Honolulu," approved April 30, 1907, whereas the petition as amended alleges that this later act is unconstitutional and void, being in conflict with the provisions of an act of Congress entitled "An Act to prohibit the passage of local and special laws in the Territories of the United States, to limit Territorial indebtedness, and for other purposes," approved July 30, 1886, 24 Stat. at Large 170, and also in conflict with the Organic Act of the Territory, as an attempt to grant to a corporation special and exclusive privileges and immunities without approval of Congress, and that it requires different qualifications for electors under the act than are provided for in the Organic Act, and disqualifies and disfranchises a large portion of the qualified electors of the Territory and County; that the later act is also unconstitutional in that there are numerous private agricultural corporations within the boundaries of said municipal corporation not subject to control on the part of the Territory except in the exercise of police power, their charters being contracts within the meaning of the contract clause of the constitution, and that the act is void for the further reason that municipal taxes may be imposed on lands strictly rural in character and therefore not capable of receiving benefits and advantages usually received from municipal organizations, and also because the boundaries of the municipal

corporation established by the act are inaccurate, indefinite and uncertain.

The defendants demurred to the petition on the ground that it does not state facts sufficient to entitle the petitioner to a writ of mandamus as prayed for or to any relief whatsoever.

The circuit judge reserved for the consideration of this court the following questions arising under the petition and demurrer, for that purpose reporting the same to this court, namely:

1. Does the petition for a writ of mandamus as filed in said proceeding state facts sufficient to entitle the petitioner John Emmeluth to a writ of mandamus as prayed for, or to any relief whatsoever?

2. Has the Act of the Legislature of the Territory of Hawaii, entitled "An Act creating Counties within the Territory of Hawaii and providing a government for the same" been and now is repealed by an Act of the Legislature of the Territory of Hawaii. entitled "An Act Incorporating the City and County of Honolulu" approved April 30th, A. D. 1907, and is the said act entitled "An Act Creating Counties within the Territory of Hawaii and providing a Government for the same" void and of no effect and not binding upon the said respondents in any manner or form?

3. Is the said Act of the Legislature of the Territory of Hawaii, entitled "An Act Incorporating the City and County of Honolulu" approved April 30th, A. D. 1907, unconstitutional and void and of no effect, the same being in conflict with and opposition to an Act of Congress of the United States of America, entitled "An Act to Provide a Government for the Territory of Hawaii," inasmuch as it is

(1) An attempt on the part of the Legislature of the Territory of Hawaii to grant to a corporation special and exclusive privileges and immunities without the approval of Congress.

(2) That it requires other and different qualifications for the electors under said Act than are prescribed and provided for

in said Act of Congress—and disqualifies and disfranchises a large portion of the duly qualified electors of said Territory and said County of Oahu.

4.   Is the said Act unconstitutional in that there are numerous private agricultural corporations embraced within the boundaries of said municipal corporation, not subject to control on the part of the Territory, except in the exercise of the police power, their charters being contracts within the meaning of the contract clause of the federal constitution which the States and Territories are prohibited from impairing?

5.   Is the said Act void for inasmuch as,

(1)   That municipal taxes may be imposed on lands strictly rural in character and therefore not capable of receiving the benefits or advantages usually derived from municipal organizations?

(2)   That the boundaries of said Municipal Corporation sought to be established by said Act are inaccurate, indefinite and uncertain.

6.   Should the Writ of Mandamus be issued as prayed for?

The demurrer does not specifically set up, the defendants say it was not intended to set up, the plaintiff's incapacity to bring the suit.   If the objection had been raised he might have amended by averring an impending unauthorized expenditure of public money, thus bringing his case within the rule in *Castle v. Secretary of the Territory,* 16 Haw. 769, 774.   We are not inclined to hold that a private citizen who does not claim that his property rights are in danger of being injuriously affected can obtain an adjudication that a statute is unconstitutional, since as far as political questions are concerned he does not represent the public as in case of unauthorized expenditures.   Our cases have not gone to that extent, and we are not disposed to extend their authority.   See *Territory v. Miguel,* 18 Haw. 402, 404, in which it was held that one whose rights were not affected by portions of a law regulating sales of intoxicating liquor claimed by him

to be unconstitutional was not entitled to be heard upon the question. Under the circumstances, and especially as there are other sufficient grounds for sustaining the demurrer, we do not pass upon the plaintiff's right.

Another question not raised by the pleadings but argued by counsel who by consent of court appeared against the petition, is whether the Territory ought to have been made a party in order that the attorney general should represent the interests of the public. The statute, Sec. 2104 R. L., prescribes that the writ "may be directed to public officers to compel them to fulfil any of the duties attached to their office or which may be legally required of them." The county attorney, who appeared for the supervisors, is "a deputy of the attorney general of the Territory" (Sec. 95 County Act), as well as "legal adviser of the board of supervisors" (Sec. 93, Ib.) There is no reason why the attorney general should not have been heard without the formality of making the Territory a party.

It is further claimed by the counsel that the petition is premature, since for all that appears the defendants may yet proceed under the County Act. It is true that they would be at liberty to change their purpose, they might be advised to do so. Mandamus, it is said, "is never granted in anticipation of an omission of duty, but only after an actual default." *Ex parte Cutting,* 94 U. S. 20. There is no occasion, however, to rule upon this objection or to say whether a refusal made in advance of the time for performing the alleged duty would be a waiver of the objection.

The principal question in the case, although not expressly reserved, is whether the act of July 30, 1886, ch. 818, 24 Stat. at Large 170, is in this case applicable to Hawaii in declaring "that the legislatures of the territories of the United States now or hereafter to be organized shall not pass local or special laws in any of the following enumerated cases, that is to say," specifying after numerous other instances, such as granting divorces,

changing names of persons or places, laying out, opening or alter-
ing roads or highways, regulating county or township affairs,
practice in courts of justice, jurisdiction of duties of justices of
the peace, police, magistrates and constables, providing for
management of common schools, "incorporating cities, towns or
villages, or changing or amending the charter of any city, town
or village," or "granting to any corporation, association or indi-
vidual any special or exclusive privilege, immunity or franchise
whatever," and providing "in all other cases where a general law
can be made applicable no special law shall be enacted in any
of the territories of the United States by the territorial legisla-
tures thereof."

Our Organic Act, Sec. 55, also provides that "the legislature
shall not grant to any corporation, association or individual any
special or exclusive privilege, immunity or franchise without
the approval of Congress nor shall it grant private charters,
but it may by a general act permit persons to associate them-
selves together as bodies corporate." Section 1889, U. S. Rev.
Stats., enacts that "legislative assemblies of the several terri-
tories shall not grant private charters or special privileges, but
they may, by general incorporation acts, permit persons to asso-
ciate themselves together as bodies corporate." Congress has
declared that these words in Sec. 1889 "shall not be construed
as prohibiting the legislative assemblies of the several territories
of the United States from creating towns, cities or other munici-
pal corporations, and providing for the government of the same
and conferring upon them the corporate powers and privileges
necessary to their local administration by either general or spe-
cial acts." Act June 8, 1878, ch. 168, 20 Stat. at Large 101.

The provision above cited from Sec. 55, Organic Act, refers
to corporations other than county, town and city municipalities
which the act, Sec. 56, expressly authorized the legislature to
create. The authority for creating such municipalities is not
limited by requiring that they shall not be created by special

law, which was a method "in general use in this country during the last century, and indeed is quite commonly employed at present. In states even where the constitution forbids the legislature to grant any special charter of incorporation, it has been ruled that such a constitutional inhibition does not relate to public corporations." Ingersoll Pub. Corp. 137. "To hold that the legislature could not enlarge the corporate limits by an act passed for that purpose would be to deny that it could create or abolish for the greater includes the lesser in law as in mathematics." *Williams v. Nashville,* 89 Tenn. 491. We do not think that the act of 1886 in prohibiting territories then and thereafter to be organized from incorporating cities by a special law limits the general power subsequently given by the Organic Act of Hawaii to create city municipalities. There are several reasons for this view. To hold otherwise would be limiting the general powers given by the Organic Act or in many of the laws of Hawaii continued in force by the Organic Act, as, for instance, those which relate to public highways. The word "create" in Sec. 56 is appropriately used in respect to involuntary municipal corporations established by special law, while some such term as "authorizing" would be more often used to describe the establishment of municipal corporations voluntarily accepted by popular vote. In view of the practice on the subject as above mentioned it cannot be said that there is an implied limitation upon a general power to create city municipalities. Again, a special law upon the subject is more appropriate to older communities, such as that of Hawaii, while a general law appears to be regarded as more adapted to newly settled territories and states. Conditions in Hawaii are not such as to make it obvious that the territorial legislature should not under its general power to create cities do so by special enactment fitted for the conditions in each particular case, and we think that if Congress had intended such limitation it would have been expressed in the act itself.

Emmeluth v. Board of Supervisors, 19 Haw. 171.

There are many provisions in the chapter of the U. S. Rev. Stats. entitled "provisions common to all the territories," Secs. 1839-1895, which have been superseded or modified by subsequent acts of Congress relating to territories not mentioned in that chapter. Upon the whole, we have no doubt that the last and effective expression of congressional will upon this subject is contained in the express and unlimited power granted by the Organic Act.

It is admitted that the Act incorporating the City and County of Honolulu requires other and different qualifications for electors than are prescribed in the Organic Act. Section 60 of the Organic Act provides that in order to be qualified to vote for representatives a person shall prior to each regular election, during the time prescribed by law for registration, have caused his name to be entered on the register of voters for representatives for his district, and Section 62 provides that in order to be qualified to vote for senators, and for voting *in all other elections* in the Territory of Hawaii, a person must possess all the qualifications and be subject to all the conditions required of voters for representatives. By Section 64 of the Organic Act, the rules and regulations for administering oaths and holding elections set forth in Ballou's compilation, civil laws, appendix, and the list of registering districts and precincts appended, are continued in force with certain designated changes. Section 38, R. L., provides that the boards of registration shall meet within their respective districts at such times between the last day of August and the 10th day of October in the year 1906, and between such days in each second year thereafter, as many times as may be necessary to enable them to register all persons entitled to register, and Section 30, R. L., provides that at any intermediate special election the register of voters at the last preceding general election shall be used without change.

Sections 42 and 70 of the Act incorporating the City and County of Honolulu are in conflict with the provisions of the

Emmeluth v. Board of Supervisors, 19 Haw. 171.

Organic Act relative to the qualifications of electors and absolutely void. But the entire act is not thereby made inoperative or invalid, the provisions of the Organic Act on the subject of qualifications for electors being as effective as if especially expressed in the Municipal Act, particularly in view of the fact that in Sec. 40 they are declared to be applicable.

There is no merit in the petitioner's claim that the act is void because it impairs contract obligations of private corporations or because it authorizes taxation of rural lands incapable of receiving the usual benefits of municipal organizations, or because the boundaries of the municipal organizations are inaccurate, indefinite or uncertain.

The circuit judge is advised that upon the foregoing considerations the defendants' demurrer ought to be sustained and the plaintiff's petition dismissed.

*W. S. Edings* for petitioner.

*F. W. Milverton, Deputy County Attorney,* for the defendants.

*S. B. Kingsbury,* by leave of court, against the petition.