# IN THE MATTER OF THE APPLICATION OF DAVID K. SHERWOOD, HARRY H. HOLT AND CHARLES P. OSBORNE FOR A WRIT OF QUO WARRANTO AGAINST DAVID KALAUOKALANI, JR., CLERK OF THE CITY AND COUNTY OF HONOLULU.

RESERVED QUESTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED DECEMBER 2, 1914.                DECIDED DECEMBER 14, 1914.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

QUO WARRANTO—*demurrer to petition—occupation and user of office.*
    A demurrer to a petition for a writ of quo warranto which recites facts showing that respondent claims to have been elected to an office for a term commencing in the future, and intends to occupy and use such office at a future time, should be sustained, .the proceeding being premature.
SAME—*parties to the proceeding.*
    Persons who are registered voters in the district where an election is held, and tax payers, are proper parties to apply, by petition, for a writ of quo warranto.
QUO WARRANTO—*practice—demurrer—amendment.*
    In the proceeding under the Hawaiian statutes which is in the nature of quo warranto the writ or order is like a summons commanding the respondent to show by what authority he claims to hold an office, and is, in effect, an order to show cause; the sufficiency of the facts is tested by demurrer to the petition, which, if sustained, the writ fails unless the petitioner can amend, the petition being amendable.
APPEAL AND ERROR—*generality of reserved question.*
    A question reserved to the supreme court should point to some rule of law the application of which, under the issues of law or fact, is, in the opinion of the trial court or judge, doubtful.

OPINION OF THE COURT BY QUARLES, J.

This is a proceeding by *quo warranto* to test the right and title of the respondent, David Kalauokalani, Jr., to the office of city and county clerk of the city and county of Honolulu, for the term commencing January, 1915, and ending January, 1917, and the right of the respondent to issue to himself a cer-

tificate of election to said office for said term. The facts alleged in the petition for the writ are the same as stated in the alternative writ of mandamus between the same parties just decided (ante page 381). The writ commanded the respondent to appear at a certain time and place and answer unto the petitioners, and their petition, and show why he, the respondent, as clerk of the city and county of Honolulu, issued to himself a certificate of election as clerk of the city and county of Honolulu for the term commencing January, 1915, and ending January, 1917, and to show by what warrant and authority he intends to claim, hold, use, enjoy and exercise the said office for said term and period, and to abide the order, judgment or decree to be made in the premises.

The respondent filed his demurrer to the petition for the writ, upon the following grounds, to wit: 1. That the petition does not state facts sufficient to constitute a cause of action or to entitle petitioners to relief by writ of *quo warranto*. 2. That the petition does not show that respondent is in possession of the office of city and county clerk but alleges that respondent intends to usurp said office for the term commencing January, 1915. 3. That the petition shows that petitioners have no legal capacity to sue in that the proceeding is not maintainable in the name of private parties, but only in the name of the Territory. 4. That it does not appear from the petition that the petitioners have any interests that entitle them to bring these proceedings. 5. That quo warranto is not the proper legal proceeding to test the right of respondent to issue said certificate or to test the extent of his authority. 6. That no proper or legal judgment could be entered against the respondent in this proceeding. 7. That the petition is uncertain, unintelligible and ambiguous in that it cannot be told therefrom how or why Act 151 S. L. 1913 is beyond the power of the legislature to enact.

The proceedings come here upon four questions reserved by the circuit judge to this court, the questions being identical with

those reserved in the mandamus proceeding just determined between the same parties (ante page 381).

The petition alleges that the petitioners are tax payers and registered voters of the city and county of Honolulu; that at the primary election held in said city and county on the 12th day of September, 1914, the respondent received 5289 votes as a candidate for the office of city and county clerk of the city and county of Honolulu; that respondent claims his election to said office for the term commencing January, 1915; that he has issued to himself a certificate of election to said office for said term, and intends to, and will, usurp and occupy said office during such term. Act 151, Laws. 1913, providing for a primary election, and the proviso to section 16 of said Act, declaring that a candidate for an office receiving a majority of all the votes of the registered voters voting of the district in which he is a candidate is thereby elected, is, by divers allegations in the petition, attacked as contravening the Organic Act of the Territory of Hawaii, unconstitutional and void.

Section 2046 R. L. provides that the order or writ of *quo warranto* "is obtained by petition addressed to a circuit judge setting out facts sufficient to show a right to the order, and sworn to if the application is made by a private individual." Under this statutory provision the petition must state facts sufficient to authorize the order or writ. In this case the petition states facts which affirmatively show that the order or writ should not issue, in that it appears therefrom that the respondent claims title to an office for a term to commence in January, 1915, and shows that he was not in possession of such office under such claim at the time of the application for the order or writ. The petition is, therefore, insufficient to authorize the issuance of the order or writ. *"Quo warranto,* or a proceeding in the nature thereof, lies only against one who is in the possession and user of the office, and not against one who merely lays claim to the office, or who has never been admitted thereto." 17 Ency. Pl. & Pr. 407, and authorities cited in note 2. See

also High Ext. Leg. Rem. (2 ed.) §627. *Quo warranto* is the proper remedy to test the title to an office, but the application for the order or writ in this proceeding is premature. The third and fourth grounds of the demurrer are that the petitioners have no legal capacity to sue, that the proceeding must be in the name of the Territory, and that the petition does not show that petitioners have any interest in the proceedings that will enable them to institute the same. The petitioners, as tax payers and registered voters of the city and county of Honolulu, have the right to participate in the selection of city and county officers, are required to contribute to the public revenues out of which the salaries of such officers are paid, are interested in having duly elected officers in the various elective offices, and are therefore interested in the inquiry raised by this proceeding. The ancient writ of *quo warranto* as known to the common law has been obsolete in England for centuries, informations in the nature of *quo warranto* having been substituted therefor (32 Cyc. 1413). The doctrine that the usurpation of a public office is a public wrong and that the remedy is a public one to be sought only in the name of the sovereign has been relaxed by statute in nearly, if not all, jurisdictions. (High on Ext. Leg. Rem., 2 ed., §697.) Our statutes do not expressly declare who shall, or who shall not, be parties to the proceeding. Section 2046 R. L. seems to show the intent to permit private individuals to institute the proceeding as it is there expressly provided that the petition for the order must be sworn to "if the application is made by a private individual." Our election laws provide for election contests by electors, and do not restrict such contests to competing candidates. Section 1574 R. L. relating to *quo warranto* as to the high sheriff and other police officers therein named provides that the proceeding may be instituted either by the attorney general in his official capacity or by "any private person having any interest in such inquiry." It thus appears to be the policy of our laws to permit either the attorney general, or any private person having any interest in

In re Sherwood, 22 Haw. 385.

the inquiry to institute the proceeding. The petition shows, *prima facie,* that the petitioners have such interest in the inquiry instituted by the proceeding as enables them to institute it. The demurrer of the respondent should be sustained on the first and second grounds, but not on the third and fourth grounds. It is unnecessary to pass on the other questions raised by the demurrer.

While we do not consider the second, third and fourth questions reserved, we deem it proper, in the interest of good practice, to suggest that these questions are too general to be entitled to consideration. A question reserved to this court should point to some rule of law the application of which, under the issues of law or fact, is, in the opinion of the trial court or judge, doubtful.

At the argument a question was raised as to the sufficiency of the writ in this case and we deem it best to refer briefly to the proper practice under our statutes. The proceeding is not the ancient writ of *quo warranto,* but a statutory proceeding in the nature of *quo warranto.* The petition must state facts sufficient to show that the petitioner is entitled to the writ or order. The writ or order need not recite the facts showing that the petitioner is entitled to it, and is in the nature of a summons commanding the respondent to show by what authority he claims to hold the office, and; in effect, is an order to show cause. The sufficiency of the petition may be tested by demurrer, which, if sustained, the writ fails unless the petitioner can amend and state sufficient facts to show that he is entitled to the writ or order, the petition being amendable in like manner as petitions in actions at law. In this proceeding the respondent properly demurred, upon specific grounds, to the petition, and not to the writ, the practice being unlike that in mandamus, where, as held in *Bradley* v. *Thurston,* 7 Haw. 523, the writ must set forth facts sufficient to authorize its issuance, and a demurrer to test its sufficiency lies to the writ, and not to the petition.

The first question reserved is answered in the affirmative,

the first two questions raised by the demurrer to the petition being decisive of the proceeding. It is unnecessary to answer the other questions reserved, for which reason they are not considered, nor answered.

*G. A. Davis* for petitioners.

*I. M. Stainback, Attorney General,* and *J. W. Cathcart, City and County Attorney,* for respondent.