TERRITORY OF HAWAII *v.* JOHN T. SCULLY, WILL-
MOT R. CHILTON AND JOHN H. FISCHER.

MOTION TO DISMISS RESERVED QUESTION.

HON. C. W. ASHFORD, JUDGE.

ARGUED MARCH 8, 1915.                    DECIDED MARCH 16, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

APPEAL AND ERROR—*reserved question—construction of statute.*

Under Sec. 2511 R. L. 1915, while the authority to reserve is
discretionary with the trial court, the statute did not intend that
questions should be reserved unless the judge below has well
founded doubts upon them.

SAME—*same—motion to dismiss.*

Where the identical question reserved has not been ruled upon
by the trial court, and is one of great public importance which has
never been ruled upon by this court, it will not be dismissed on
motion although a question in all respects similar appears to have
been ruled on by the trial court in the same case.

OPINION OF THE COURT BY WATSON, J.

John T. Scully, Willmot R. Chilton and John H. Fischer
were jointly indicted for conspiracy in the first degree. The
defendants Scully and Chilton interposed separate motions to
quash the indictment, the motions being made on the same
grounds and supported by affidavits identical in all respects.
These motions came on to be heard on October 28, the Scully
motion being taken up first, when the deputy city and county
attorney, for the government, interposed an oral demurrer to
said motion, whereupon the court, by consent of parties, reserved
and ordered to be certified to this court the question whether
said demurrer to said motion to quash should be sustained.
Thereupon and immediately following the order reserving such
question on the Scully motion the Chilton motion to quash said
indictment was taken up by the court, to which said motion the
deputy city and county attorney also interposed an oral demur-

rer. The court sustained said demurrer and overruled said motion of said defendant Chilton to quash said indictment, to which ruling said defendant Chilton, by his attorney, noted an exception. The reserved question on the Scully motion coming before this court on the transcript of the record sent up by the circuit court in connection therewith, the city and county attorney, for the government, moves to dismiss the same on the ground that the circuit court on the same day and date upon which the question aforesaid was reserved, in passing upon the demurrer to the Chilton motion, acted upon and decided the very question reserved to this court in connection with the Scully motion, and sustained a demurrer to a motion to quash the same indictment, which motion was made and interposed by the defendant Chilton, for the same reasons and on identical and similar grounds and based on the same facts as presented by the motion to quash made and interposed by the above named defendant John T. Scully, and on which the reserved question is now presented.

The statute (Sec. 2511 R. L. 1915) provides:

"Whenever any question of law shall arise in any trial or other proceeding before a circuit court or circuit judge in chambers, the presiding judge may reserve the same for the consideration of the supreme court; and in such case shall report the cause, or so much thereof as may be necessary to a full understanding of the questions, to the supreme court."

In support of his motion to dismiss counsel for the motion relies strongly on *McCandless* v. *Lansing,* 19 Haw. 467, where it was held that questions already ruled on by the trial court cannot be reserved. In that case, after directing a verdict for the plaintiff, the trial court reserved for the consideration of this court the question "whether the verdict is contrary to law" upon the statement of facts submitted. Under the law then (and now) in force (Sec. 1804 R. L. 1905 as amended by Sec. 1, Act. 83, S. L. 1907; Sec. 2441 R. L. 1915) it is provided: "Judgment may be entered by the clerk immediately upon the

rendition of a verdict, judgment or decision," etc. In declining to answer the question reserved in the *McCandless* case the court said, "No question is presented which the judge had not ruled upon. The statute does not authorize this court in answering reserved questions to order such judgment 'as is fit and proper for the further disposition of the case' (Mass. Pub. St. p. 832), nor, as in cases of exceptions, to vacate a judgment and require such further proceedings 'as to law and justice shall appertain.' Sec. 1867 R. L. The circuit judge is advised that no question is presented which the court can consider." We think the case at bar is clearly distinguishable, on the facts, from the *McCandless* case, and that the ruling in that case is not here in point. The identical question reserved in this case has not been ruled on by the trial court (although a question in all respects similar appears to have been), nor has any verdict or judgment been entered in this case.

We think the statute authorizing the reserving of questions to this court never intended that questions should be reserved unless the judge below has well founded doubts upon them, and while the action of the trial court in reserving this question and immediately thereafter ruling upon a similar question would, on its face, indicate that whatever doubts the court may have entertained at the time of the reservation were thereafter quickly removed, and the reservation would seem to be almost a trifling with this court; nevertheless we do not feel that we would be justified in holding on the record before us that the question was, in the first instance, improperly reserved, and that it should be dismissed. The question presented has never been ruled on by this court and it is undoubtedly of great public importance. The statute is broad, and authority to reserve is discretionary with the trial court. *The Queen* v. *Poor,* 9 Haw. 218, 220.

While not necessarily involved upon this pending motion we deem it not improper to refer to the fact that in the record now before us the grounds of the oral demurrers interposed to the

several motions to quash nowhere appear. In the present state of the record it is impossible to ascertain whether the grounds of the demurrer interposed to the Scully motion were the same as the grounds of the demurrer interposed to the Chilton motion. For this reason alone, if for no other, we would be unable to grant the motion to dismiss, the motion being based on the record, pleadings and files and the facts relied on not appearing therefrom. However, we prefer to rest our decision on the ground already stated.

In anticipation of this matter again coming before this court on the merits we also call attention of counsel to certain authorities holding that the disposition of a motion to quash, being largely discretionary, is not a proper subject for a reserved question. *U. S.* v. *Rosenburgh,* 7 Wall, 580; *U. S.* v. *Canda,* 154 U. S. 674; *U. S.* v. *Avery,* 13 Wall. 251; *U. S.* v. *Hamilton,* 109 U. S. 63.

The motion to dismiss is denied.

*J. W. Cathcart, City and County Attorney,* for the Territory.

*Lorrin Andrews* for defendant John T. Scully.