## TERRITORY *v.* JAMES LOW.

## No. 898.

RESERVED QUESTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

HON. C. F. PARSONS, JUDGE.

ARGUED JANUARY 4, 1916.        DECIDED JANUARY 11, 1916.

ROBERTSON, C.J., WATSON, J., AND CIRCUIT JUDGE ASHFORD IN PLACE OF QUARLES, J., ABSENT.

APPEAL AND ERROR—*reserved questions.*

A question may be reserved by a circuit court of its own motion, notwithstanding a motion for a reservation has been interposed by one of the parties, the court not having ruled on the question.

CRIMINAL LAW—*accessory after the fact—brother of felon.*

A brother of one convicted of the crime of burglary in the

second degree, which is punishable by imprisonment at hard labor for a term of not more than ten years, is not punishable as an accessory after the fact to that offense under Sec. 3675, R. L. 1915.

OPINION OF THE COURT BY ROBERTSON, C.J.

(Watson, J., dissenting.)

The indictment in this case charged that one William Low did, on the 15th day of October, 1914, at Hilo, in the county of Hawaii, commit the crime of burglary in the second degree, and that the defendant, James Low, on the 24th day of October, at Hilo, aforesaid, "well knowing the said William Low to have done and committed the crime of burglary aforesaid, in the manner and form aforesaid, him, the said William Low, did then and there knowingly harbor, conceal, maintain and assist with the intent that he, the said William Low, should avoid and escape from detection, arrest, trial and punishment as to the crime of burglary aforesaid, and that the said James Low was then and there and thereby an accessory after the fact to the crime of burglary aforesaid, contrary to the form of the statute in such case made and provided." The defendant entered a plea of not guilty and the trial proceeded before a jury. At the close of the case for the prosecution the defendant also rested his case and moved the court to direct the jury to return a verdict of acquittal. The motion was based upon the grounds that the evidence did not show that the defendant had harbored, concealed, maintained or assisted the said William Low within the meaning of the indictment or the statute, and that as the evidence did show that the defendant is the brother by consanguinity of William Low he could not be convicted under the indictment. The prosecuting attorney moved that the questions involved in the motion for a directed verdict be reserved for the con-

sideration of this court. The circuit court then did reserve for the determination of this court the questions, (1) whether the facts submitted to the jury constituted the defendant an accessory after the fact to the crime of burglary as alleged, and (2) whether the motion to direct a verdict in favor of the defendant should be granted.

Counsel for the defendant contends that this Court should return the questions unanswered because they should not have been reserved since a question ought not to be reserved by a court of its own motion under R. L. 1915, Sec. 2511, unless the court has a well founded doubt as to it (*Territory* v. *Scully*, 22 Haw. 484), and the record in this case shows that the court was about to rule on the defendant's motion when the motion was made that the questions be reserved; also that a circuit court may not reserve a question upon the motion of a party under R. L. 1915, Sec. 2512, unless on account of some opinion, direction, instruction, ruling or order made or entered in the cause, and the record shows that in this case the defendant's motion had not been ruled upon. This contention is not sustained. The fact that a motion has been made, supposedly under section 2512, that a question be reserved for the consideration of the supreme court does not preclude the circuit court from making the reservation of its own motion, under section 2511, without ruling upon the question. Nor can this court presume from the fact that shortly before reserving the question the circuit court "was about to decide" the question that at the time the question was reserved the court did not entertain a well founded doubt as to it. Argument of counsel or further reflection by the court may have raised the doubt. "The statute is broad, and authority to reserve is discretionary with the trial court." *Territory* v. *Scully, supra.*

In view of our conclusion with reference to the second

question, involving the construction of the statute relating to accessories after the fact, we shall pass by the first question reserved as well as the incidental one whether the evidence before the jury permitted of more than one inference and hence did not present a pure question of law such as may properly be reserved.

The point whether by reason of the fact that the defendant is a brother of the person who committed the burglary he cannot be held as an accessory after the fact to that crime turns upon the meaning of section 3675 of the Revised Laws which reads as follows:

"If any one, not standing in the relation of husband or wife, parent or child, brother or sister, by consanguinity or affinity, to any person guilty, either as principal or accessory before the fact, of any offense punishable by death or imprisonment for life, shall harbor, conceal, maintain or assist such person, with the intent that such person shall avoid or escape from detection, arrest, trial or punishment, he shall be deemed an accessory after the fact to such offense; and shall be punished, where punishment for his offense is not otherwise expressly provided, by imprisonment at hard labor not more than ten years, or by fine not exceeding two thousand dollars.

"Whoever is accessory after the fact to any other offense punishable by imprisonment for five years or more, shall be punished, where punishment is not otherwise provided by law, by imprisonment at hard labor not more than two years, or by fine not exceeding five hundred dollars."

The punishment prescribed for burglary in the second degree is imprisonment at hard labor for not more than ten years.

At common law one was an accessory after the fact who, knowing a felony to have been committed, received, relieved, comforted or assisted the felon. The law applied to all felonies and married women only were exempted from its operation where the husband was the principal offender. It will be observed that the provisions of the above quoted

statute differ from the common law in several particulars.
The precise point in the case at bar is whether the exemp-
tion of brothers and the other specified relatives as set
forth in the first paragraph of the section with reference to
offenses punishable by death or imprisonment for life
applies also to the second paragraph with reference to
offenses punishable by imprisonment for five years or more.
Counsel for the prosecution contend that the exemptions
specified in the first paragraph do not apply to the second,
and that "the legislature apparently took the humane
ground that any person standing in the near relation to
any person liable to punishment by death or imprisonment
for life ought not to be held guilty of being an accessory
after the fact merely because his natural instincts would
prompt him to shelter the principal from the terrible con-
sequences of the crime, while in other offenses the motive
could not be so potent." On the other hand, as suggested
by counsel for the defendant, it is difficult to suppose that
the legislature intended that the shielding by relatives of
persons guilty of the most heinous crimes is to be over-
looked while as to lesser crimes it is to be punished. We
think the reasonable and proper view to be taken of the
matter is that the exemptions were intended to apply to
the second paragraph of the section. In the first paragraph
the legislature evidently intended to define the offense of
accessory after the fact and, we think, the words "husband
or wife, parent or child, brother or sister," though referred
to as "exemptions," should be regarded as embraced in the
definition of the offense as are the words "harbor, conceal,
maintain or assist." This being so it follows that the phrase
"accessory after the fact" in the second paragraph of the
section means accessory after the fact as defined in the first
paragraph. We hold that a brother of one guilty of the
offense of burglary in the second degree is not punishable

as an accessory after the fact to that offense.

The second reserved question is answered in the affirmative, and the case is remanded to the circuit court.

*C. S. Carlsmith,* Deputy Attorney General (*W. H. Beers,* County Attorney, and *S. S. Rolph,* Deputy County Attorney, of Hawaii, with him on the brief), for the Territory.

*W. H. Smith* for defendant.

### DISSENTING OPINION OF WATSON, J.

I respectfully dissent from the views of the majority as expressed in the foregoing opinion touching the construction of section 3675 of the Revised Laws of 1915, and the conclusion arrived at by them, in answering the second reserved question, that a brother of one guilty of the offense of burglary in the second degree is not (by reason of such relationship) punishable as an accessory after the fact. As I read the statute (Sec. 3675) provision is made therein for the punishment of accessories after the fact in two distinct classes of felonies: (1) in cases where the principal felon is guilty, either as principal or accessory before the fact, of any offense punishable by death or imprisonment for life; (2) in cases where the principal felon is guilty, either as principal or accessory before the fact, of any other offense punishable by imprisonment for five years or more. The definition of "accessory after the fact" is the same in either class of case, that is, one who harbors, conceals, maintains or assists the principal felon "with the intent that such person shall avoid or escape from detection, arrest, trial or punishment." In my opinion the words in the first paragraph, "not standing in the relation of husband or wife, parent or child, brother or sister, by consanguinity or affinity," form no part of the definition of the offense, as they are in no wise descriptive thereof, but should be construed merely as an exception exempting from punishment

persons standing in the enumerated relationships in cases where the offense of the principal or accessory before the fact is punishable with death or life imprisonment. "An exception in a statute excludes from the purview a person or thing included in the words." *Territory* v. *Tan Yick,* 22 Haw. 773. To my mind it is peculiarly significant that no such exemption is contained in the second paragraph of the section, relating to offenses punishable by imprisonment for five years or more, but there it is provided that *"whoever* is accessory after the fact," etc.; and whatever may have been the motive of the legislature in exempting accessories after the fact in the one class of cases and failing to exempt them in the other, I think there can be no question as to the power of the legislature to make the distinction.

In my opinion the second reserved question, in so far as it involves the point of defendant's exemption by reason of his relationship to the person who committed the burglary, should be answered in the negative. The first reserved question, as well as other points which might arise in connection with the second question, which the majority have not found it necessary to discuss, embrace both law and fact and should be returned unanswered. *The People* v. *Adwards,* 5 Mich. 21.