## TERRITORY *v.* THOMAS McVEAGH.

## No. 905.

RESERVED QUESTION FROM CIRCUIT COURT, FIRST CIRCUIT.

HON. C. W. ASHFORD, JUDGE.

SUBMITTED FEBRUARY 29, 1916.                    DECIDED MARCH 2, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

CONSTITUTIONAL LAW—*deductions from wages of laborers.*

Sections 3446, 3447 and 3448, R. L., which make it a misdemeanor for an employer to retain or deduct any part or portion of the wages of a laborer in his employ without the written consent of such laborer; or, to collect any fine, store account, offset or counterclaim out of such wages unless by action in court and judgment therefor first obtained, do not impair the obligation of contracts, do not deprive persons of property without due process of law, do not provide for imprisonment for debt, do not deny the equal protection of the laws, and are not unconstitutional on any of said grounds.

OPINION OF THE COURT BY QUARLES, J.

The defendant was charged in the district court of Honolulu as follows:

"That said Thos. McVeagh, at Honolulu, City and County of Honolulu, Territory of Hawaii, on or about the 22nd day of May, 1915, did deduct and retain all of the wages due and payable for the week ending May 22nd, 1915, as and for the services of a certain employee, to wit, one Herbert Alexander, he, the said Herbert Alexander having been employed by him, the said Thos. McVeagh, during said week; and that said Thos. McVeagh thereby collected of and from said Herbert Alexander, a purported offset or counter-claim without the consent of him, the said Herbert Alexander, either oral or in writing, or by action in court as provided by law, and without first having

obtained a judgment therefor as provided by law, and contrary to sections 3446-3448 inclusive, of the Revised Laws of 1915; and that said Thos. McVeagh has wilfully and persistently and maliciously refused to pay to said Herbert Alexander the said wages, though often requested so to do, and has alleged as the excuse therefor his purpose to deduct, retain and collect the alleged offset or counterclaim."

To the said charge the defendant demurred. His demurrer was overruled, and on trial he was convicted and fined $50. From said judgment of conviction the defendant appealed to the circuit court of the first judicial circuit and there again demurred to the charge upon the following grounds:

"1. The charge does not describe any offense punishable by the laws of the Territory of Hawaii:

"2. Sections 3446, 3447, and 3448 of the Revised Laws, under which this charge is made, are contrary to the Constitution of the United States of America, and the Organic Act of the Territory of Hawaii, in that said sections:

"First: Impair the obligations of contracts,

"Second: Deprive persons of property without due process of law,

"Third: Provide for imprisonment for debt, and

"Fourth: Deny the equal protection of the laws."

The circuit court being in doubt as to the constitutionality of sections 3446, 3447 and 3448, R. L., under which the defendant is prosecuted, has reserved to this court the question "Whether said demurrer ought to be sustained by said circuit court, for any or either of the reasons or grounds of demurrer therein set forth." Heretofore we have had occasion to suggest that the statute authorizing a circuit court or judge to reserve a question to this court intended that it was only in cases of doubt in the mind of the court or judge that questions should be reserved to this court (*In re Sherwood,* 22 Haw. 385, 389; *Territory* v. *Scully,* 22 Haw. 484). In reserving the question aforesaid to this

court the circuit court has signified that it has grave doubts as to the constitutionality of the statutes involved, but expressed no doubt as to what the ruling should be upon the first ground of the demurrer. In the briefs counsel have not discussed the first ground of the demurrer but have confined their arguments to the question of the constitutionality of said statutes. We will therefore refrain from expressing any opinion as to the first ground of the demurrer and will confine ourselves to a consideration of the second ground involving the constitutionality of the statutes, considering the objections to the statutes altogether and not singularly. The statutes in question are sections of the Revised Laws as follows:

"Sec. 3446. Wages, deductions from. It shall be unlawful for any person, firm, partnership or corporation, within this Territory, to deduct and retain any part or portion of any wages due and payable to any laborer or employee, or to collect any store account, offset or counter claim without the written consent of such laborer or employee or by action in court as provided by law.

"Sec. 3447. Fines, etc., deduction for. No fines, offsets or counter claims shall be collected, deducted, or retained out of any wages due and payable to any laborer or employee by any person, firm, partnership or corporation, in this Territory, unless by action in court and judgment therefor first obtained as provided by law.

"Sec. 3448. Penalty. Any person, partnership, firm or corporation who shall violate any provision of this chapter shall be guilty of a misdemeanor and upon conviction thereof shall be fined not less than fifty dollars and not more than one hundred dollars."

No provision in these statutes impairs the obligation of any contract involved in this case. The defendant points to no contract made by him which is impaired, and to be in position to question the statute on this ground he must do so and show how he is affected by it (*Territory* v. *Miguel*,

18 Haw. 402, 404, quoting from *Hatch* v. *Reardon,* 204 U. S. 152; *Emmeluth v. Board of Supervisors,* 19 Haw. 171, 174; *In re Craig,* 20 Haw. 483, 490). These statutes recognize the right of employers and employees to contract with each other and do not abridge or interfere with their legitimate right to contract. The defendant has not shown that he has been deprived of any property without due process of law and is not in position to question the statutes on that ground. If it be said that by prohibiting him from collecting or retaining out of the wages of his employee the amount of some counter-claim or offset that he has against such employee the statute deprives him of property without due process of law, the answer is that the statute recognizes his right to contract with his employee to retain such counter-claim or offset, failing which the statute recognizes his right to obtain a judgment against such employee but does not recognize his right to determine, by taking the law into his own hands, his own claim to which his employee does not agree and to collect the same without due process of law. The statutes were intended to protect the employee in the very rights which the defendant claims that he may be deprived of under the said statutes.

The objection to the said statutes that they "provide for imprisonment for debt" is not tenable. If the judgment of the lower court should be upheld and the defendant should fail to pay the fine assessed against him he would be imprisoned for doing that which the statute prohibits; he would not be imprisoned for debt but for the violation of a penal statute. His imprisonment would be contingent upon his paying the fine assessed against him, not contingent upon his paying the wages, if any, due to his employee.

The fourth and last objection urged against the said statutes is that they "deny the equal protection of the laws"

and is without merit. The defendant does not appear to have been denied equal protection of the laws with others in his position or condition. The statutes under consideration do not in our opinion violate any provision of the Organic Act or of the Federal Constitution and we do not see how they can be held unconstitutional on the grounds, or any of the grounds, set forth in the demurrer. Natural liberty oftentimes must give way for the good of society. Laws prohibiting the performance of secular business on Sunday; prescribing legal rates of interest and forbidding and punishing usury; and forbidding the performance of other acts not evil in themselves, are upheld as the legitimate exercise of legislative power. A statute of Utah forbidding work in underground mines and at or around smelters for more than eight hours each day has been held to violate no provision of the Constitution (*Holden* v. *Hardy,* 169 U. S. 366) although it is evident that such statute abridges the right of contract. A statute making it the duty of employers who have issued store orders in payment or part payment for wages due their employees to redeem such orders in cash upon demand of a holder thereof has been held constitutional (*Knoxville Iron Co.* v. *Harbison,* 183 U. S. 13; *Dayton Coal & Iron Co.* v. *Barton,* 183 U. S. 23) although it is apparent that such statute also abridges the right of contract. Many other instances could be given but we deem it unnecessary to pursue the subject further.

The object or purpose of the statutes under consideration is a good one and in the interest of the public and tends to prevent broils and controversies over claims asserted on the one hand and denied on the other and to protect all parties in the right to contract in the equal protection of the law and in the security of property, and so viewed these statutes are in line with the principles of the Constitution and not

violative of such principles. They are justified by the same principle that justifies statutes exempting certain specific articles of property from execution and others which exempt the wages of a laborer for a limited time from garnishment. The principle upon which such statutes are justified is that they enable a laboring man to support himself and family so that they shall not become public charges.

Many decisions have been cited to support the contention of the defendant but we deem it unnecessary to review them. Many of them can be easily distinguished from the case at bar. Some of them support the contention of the defendant but these we regard as in conflict with the best authority and out of joint with modern legislation and judicial decision, and after a careful consideration of all of them we could find no valid objection to the constitutionality of the statutes under consideration even if the defendant is shown to be in position to raise the constitutional questions set forth in his demurrer.

We therefore advise the circuit court that in our opinion it should overrule the demurrer of the defendant to the charge on the second ground of demurrer, but express no opinion as to the merits of the first ground of demurrer, returning that portion of the question unanswered.

*A. M. Brown,* City and County Attorney, *A. M. Cristy,* First Deputy City and County Attorney, and *W. T. Carden,* Second Deputy City and County Attorney, for the Territory.

*J. Lightfoot* for defendant.