HANNAH MAKAINAI *v.* SOLOMON K. LALAKEA, ET AL.

No. 1103.

RESERVED QUESTIONS FROM CIRCUIT JUDGE, FOURTH CIRCUIT.
HON. C. K. QUINN, JUDGE.

FILED JUNE 5, 1918.

COKE, C. J., QUARLES, J., AND CIRCUIT JUDGE EDINGS IN PLACE OF KEMP, J., ABSENT.

APPEAL AND ERROR—*reserved questions—returned unanswered.*

> Questions were reserved to this court touching the merits of a bill in equity raised by demurrer which the court answered, advised that the demurrer be sustained and in the opinion made suggestions whereby the bill could be amended so·as to entitle plaintiff to relief in equity; the plaintiff amended her bill in the court below to which amended bill the defendants demurred and the circuit judge has reserved the questions to this court touching the merits of the amended bill and which could be determined from the rules enunciated in the former opinion of this court: Held that this court will, on its own motion and in the exercise of its discretionary power, return the questions unanswered.

*Per Curiam.* This is the second time that this cause has come before us on reserved questions touching the merits

of plaintiff's pleadings raised by demurrer. In the former opinion, *ante* p. 268, we stated the facts and considered the first amended bill and the demurrer thereto and advised that the demurrer be sustained. In the opinion we suggested rules by which the amended bill could further be amended so as to state a case entitling the plaintiff to relief in equity. The plaintiff amended her bill of complaint after the return of the cause from this court and the defendants have demurred to the last amended bill. Without considering and passing upon the last demurrer the circuit judge has again reserved questions touching the merits of plaintiff's pleading and of defendants' demurrer thereto to this court. A careful study of the former opinion and an application of the rules therein enunciated to the last amended bill are all that is necessary to determine whether this pleading presents a case for equitable jurisdiction and relief and we see no reason why the circuit judge should not do the work that he has requested us to do. Under the rules enunciated in the former opinion there is little, if any, room for doubt as to what action should be taken on this last demurrer. The statute, while vesting discretionary power in the matter of reserving questions to this court, did not intend that questions should be reserved unless the judge below has well founded doubts as to what the answers should be (*In re Sherwood,* 22 Haw. 385; *Territory v. Scully,* 22 Haw. 484). We might well have returned the first set of questions reserved for the decision of the circuit judge in the first instance (Sec. 2512 R. L.) but we did not do so, but of our own motion now return the pending questions reserved for the decision of the circuit judge in the first instance, and it is so ordered.