## TERRITORY OF HAWAII *v.* A. G. COMACHO.

## No. 2201.

Argued November 4, 1935.　　　Decided November 8, 1935.

Coke, C. J., Peters, J., and Circuit Judge Case in place
of Banks, J., unable to attend on
account of illness.

OPINION OF THE COURT BY COKE, C. J.

This cause comes to us from the circuit court on questions of law reserved under section 3540, R. L. 1935, which reads: "Whenever any question of law shall arise in any trial or other proceedings before a circuit court or circuit judge in chambers or the land court, the presiding judge may reserve the same, either on his own motion or upon motion of either party, for the consideration of the supreme court; and in such case shall report the cause, or so much thereof as may be necessary to a full understanding of the questions, to the supreme court." Section 3541 provides in part as follows: "The supreme court may, in

its discretion, return any reserved question for decision in the first instance by the circuit court or judge or land court."

The defendant Comacho went to trial before a jury in the court below charged with the violation of Act 28, L. 1925, which makes it a misdemeanor for any person under certain prescribed circumstances to trespass upon the premises of another. At the conclusion of the introduction of evidence on the part of the prosecution and the defendant the latter moved for a directed verdict of not guilty. The court did not pass upon the motion but proceeded to the consideration of instructions to be given by the court to the jury. A controversy arose between the parties regarding the propriety of certain proposed instructions and counsel for the prosecution thereupon requested the court to transmit the case to this court on reserved questions of law under the statute above referred to. The court acquiesced and prepared a number of reserved questions of law which, together with copies of the record and transcript of the testimony, were transmitted to this court. The reserved questions are as follows: "1. Should the court grant defendant's requested instruction No. 1? If not, 2. Should the court grant defendant's requested instruction No. 3? 3. Should the court grant prosecution's instructions IV and V? 4. In the trial of a misdemeanor case before a jury, when the prosecution and defendant have each rested, has the court the power to discharge the jury and to enter such verdict, decision and judgment as the facts and law would warrant, if the prosecution and the defendant shall so stipulate and agree?"

We are therefore requested not only to pass upon the propriety of giving to the jury a set of instructions but also to advise the court whether it possesses the power to discharge the jury and enter judgment "if the prosecution

and the defendant shall so stipulate and agree." It is apparent that the last question is moot and calls for no reply. It is equally clear that the other reservations involve mixed questions of law and fact. The court below has attempted to recite some of the facts and counsel for both parties have in their briefs done likewise. But that the parties are in disagreement as to what the facts are, is apparent. In the reply brief of counsel for the prosecution, referring to the defendant's recitation of the facts, they designate defendant's statement as an attempt "to present to the court a distorted view of the facts and, by throwing the stress upon a few disconnected items, lead the court to consider a different issue from that presented by the case." In order, therefore, to pass with intelligence upon the questions submitted it would be necessary for this court to review the entire transcript of the testimony, make its own findings of fact and then determine the questions of law applicable thereto which would be a clear invasion by this court of the province of the jury.

For an entirely different, but equally cogent reason the reservations should not be considered. This cause had reached its final stages and the court was about to present instructions to the jury. At this juncture the trial was halted, the jury excused for an indefinite period, and the record transmitted here on reservations. In the meantime, if a juror died, removed from the jurisdiction, or for any other reason could not be present at a reconvening of the jury, a mistrial might result which would occasion additional delay, expense and uncertainty. Were we to establish such a precedent it would not only militate against the economical and expeditious determination of litigation, but would invite trial courts, by means of reservations, to transmit to this tribunal an entire set of proposed instructions along with a copy of the record and transcript of evidence which in many cases would be volu-

minous, and to cast upon this court the burden of preparing a set of instructions to the jury. No such procedure comes within the purview of the provisions of section 3540, *supra*.

In the case of *Territory* v. *Low*, 23 Haw. 108, this court assumed jurisdiction for the single purpose of advising the court below upon the merits of a motion for a directed verdict interposed by the defendant. In that case, however, no issues of fact were involved and the question reserved was one purely of law, while in the present case we are requested to answer a series of questions, both of law and fact, which would virtually entail the preparation by this court of an entire set of instructions to be given by the court below to the jury,—a procedure unprecedented in this jurisdiction and unauthorized by the statute.

The reserved questions are therefore returned to the circuit court unanswered.

*C. S. Carlsmith* (*Carlsmith & Carlsmith* and *Smith, Wild, Beebe & Cades* on the briefs) for the Territory.

*P. Silver* (*T. E. M. Osorio* with him on the brief) for defendant.