ALEXANDER HUTCHINSON *vs.* KEIKIOHUA.

#### ON APPEAL ON POINT OF LAW.

THE DEFENDANT signed a labor contract of A. B. with the plaintiff,
and on the contract was written the word "security," over
defendant's signature ;

HELD; that the defendant was liable as security or guarantor for the
default of the laborer.

Case remanded to Police Court for judgment.

Opinion of the Court by JUDD, J.

The facts of this case are that a laborer engaged by a

Alexander Hutchinson v. Keikiohua.

written contract to serve the plaintiff at Hawaii for a term of two years at $10 per month, and received $100 as advance upon the wages to accrue under the contract; that the defendant brought the laborer to plaintiff's agent in Honolulu, and took part in the negotiations for his hiring, and signed the contract as "witness and security." Defendant represented that the laborer was not then bound by any other contract, and undertook that the laborer should proceed from Honolulu by a vessel to be designated to plaintiff's plantation, and agreed that in case of his not going; or if it should turn out to be that the laborer was under prior obligations, defendant would return the amount of $100 advanced. That plaintiff's agent was induced to make the advance on the contract on the guaranty of the defendant to return the money in case of failure of the laborer to fulfill the contract. It was also proved that there was a failure on the part of the laborer to perform his contract, his services being claimed by another employer under a prior labor contract not yet expired. It appeared also by the evidence of the acknowledging officer that $30 of this $100 advanced was kept by the defendant as a pledge that the laborer would go to Hawaii when requested, and the laborer testifies that finally the defendant got all the $100 from him but $10. The plaintiff paid out $5 for stamps and fees for acknowledgment.

The action is brought to recover of the defendant, on his guaranty, the $105 advanced to the laborer, and the question of law on which this appeal comes up, is, whether the evidence discloses a consideration moving from plaintiff to defendant.

### BY THE COURT.

In our opinion the word "security" written on the face of the contract with the signature of the defendant below is a sufficient note or memorandum in writing to charge the defendant on his special promise to answer for the debt or default of the laborer.

Alexander Hutchinson *v.* Keikiohua.

As to the consideration, Section 1054 of the Civil Code enacts that the consideration of such promise, &c., need not be in writing, but may be proved by any other legal evidence. Was there such a consideration? In Minet, *ex parte*, 14 Vesey, Jr., 189, Lord Eldon said "that the undertaking of one man for the debt of another does not require a consideration moving between them." This has been explained to mean that no new consideration is required.

Chancellor Kent, in Leonard *vs.* Vredenburgh, 8 Johnson, 28, held that where the guaranty or promise is collateral to the principal contract, but is made at the same time, and becomes an essential ground of the credit given to the principal or direct debtor, there is not, nor need be, any other consideration than that moving between the creditor and the original debtor. So also Browne Statute of Frauds, Chapter X., on Guaranties.

That a consideration passed from the plaintiff to the laborer, the principal debtor, is clear. The plaintiff advanced $100, on the engagement that it should be repaid by the direct debtor in labor at the rate of $10 per month. The undertaking by the defendant that the laborer would fulfill this engagement was an essential ground for the plaintiff's advancing the money to the laborer. The original consideration therefore supports or is the aliment for the promise of the defendant.

"The extent of the undertaking, the expressions used, the situation of the parties, and all the circumstances of the case," (see Browne Statute of Frauds, Sec. 199) show that the plaintiff's agent gave credit to the laborer on the guaranty of the defendant. The two obligations were concurrent, and made at the same time. The promise of the defendant was incorporated with and became an essential part of the original contract.

In addition to this, if it be true that the defendant has actually received and appropriated nearly the entire amount

7

of the advance it would be a substantial consideration moving to him.

Our judgment is that there was a consideration.    The judgment of the Police Court is therefore set aside and the case is remanded to that Court for judgment in accordance with this decision.

In the case of Alex. Hutchinson *vs.* Nakookoo the same judgment is made.

W. R. Castle for plaintiff.

Honolulu, November 1, 1877.