MARIA AIONA, NEE MARIA I, *v.* PONAHAWAI COFFEE COMPANY, LIMITED.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

ARGUED DECEMBER 6, 1911.          DECIDED DECEMBER 15, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

ADVERSE POSSESSION—*cotenants.*

> One cotenant may, by an adverse holding of the common property, of which the other has notice, acquire title to the whole as against the ousted tenant.

APPEAL AND ERROR—*improper admission of evidence.*

> A decision of the trial court in a jury-waived case which is amply supported by evidence will not be disturbed because of the improper admission of testimony when it appears improbable that such testimony influenced the conclusion arrived at by the trial court.

NEW TRIAL—*newly discovered evidence.*

> A new trial will not be granted on the ground of newly discovered evidence where the evidence referred to was known to counsel before the trial was concluded.

OPINION OF THE COURT BY ROBERTSON, C.J.

This action of ejectment to recover an undivided one-half interest in a parcel of land situate at Mokuhonua, South Hilo (R. P. Grant 806, to Kukahauliakea), was commenced in the

court below on February 21, 1911; was tried without a jury, and decided in defendant's favor.

It is undisputed that the title passed by inheritance to the patentee's daughter, Nahamali, who married I, sometimes known as I Pake, and had two daughters, both of whom survived her, Lilihana (or Liliana) and Malia (or Maria), the plaintiff. Nahamali died in 1870 and her husband in 1877. The latter left a will wherein he purported to devise the land in dispute to his daughter Lilihana. At that time Lilihana was between ten and fifteen years of age while the plaintiff was younger.

After the death of I Pake the premises were occupied by an old Hawaiian couple for about five years, and following that they were vacant for a while. In the meantime the plaintiff and her sister lived at Puueo with a relative on premises which had been devised to the plaintiff by the will of her father. Later on, the plaintiff having married, Lilihana resided with her sister and brother-in-law. The plaintiff went with her husband to China in 1894 and returned in 1903. Lilihana died in 1903, shortly before her sister's return, having conveyed the land in dispute to the defendant's grantor by warranty deed on July 1, 1901.

Whether the Puueo premises, as well as those in dispute, formerly belonged to plaintiff's mother does not appear. Plaintiff seems to claim title to the Puueo land under her father's will. Neither was the basis of Lilihana's claim to the sole ownership of the land in dispute made clear, though one witness testified that Lilihana told her that the land had been willed to her.

The defendant claimed title as against the plaintiff by adverse possession upon evidence tending to show the following facts: In 1882 or 1883 Lilihana rented the land in dispute, except a portion of it which was occupied by one Luck Horn who had a store there, to one Lee Kai who planted vegetables on it for a period of fifteen months; in 1884 Lilihana leased

to the Hilo Sugar Company a right of way for a flume over the land for the period of ten years at an annual rental, and at the expiration of the term, by mutual consent, without writing, the tenancy continued till 1903; in 1886 or 1887 one Ahuna, on behalf of the firm of Hop Yek Co., desiring to lease a piece of land for slaughter-house purposes, went to Lilihana, who was then living with the plaintiff, and asked her in plaintiff's presence who owned the land in question, Lilihana replied that the land belonged to her, whereupon terms for a lease were agreed to between Ahuna and Lilihana and a lease was drawn and executed accordingly whereby the premises were demised for the term of ten years at an annual rental of one hundred dollars which was paid semi-annually to Lilihana; at the conversation in which Lilihana told Ahuna that the land belonged to her the plaintiff remained silent; subsequently Lee Kai bought the Hop Yek lease and held the land till 1901; when he surrendered to Lilihana; in 1896 the Hilo Sugar Company paid Lilihana the sum of fifty dollars for the privilege of making a cut and changing the grade of its flume across the land; the books of the tax assessor from 1891 to 1898 showed that during that period the only land returned for taxation were the premises at Puueo, and that the taxes on the land in dispute were paid by Lilihana; and that on one occasion in 1894, during a quarrel between the plaintiff and Lilihana, at the Puueo residence, the plaintiff, in the presence of one witness told Lilihana that she did not want her to stay there and "to get out of there," to which Lilihana replied that she would go "when I sell my property and get the money," referring apparently to the land in question.

The plaintiff took exceptions to the court's allowing the manager of the Hilo Sugar Company to testify that at no time did he recognize the plaintiff as having any interest in this land; to the refusal of the court to strike out the answer of a witness that "most all the natives in Puueo talked that Maria owned the property in Puueo and Lilihana owned the prop-

erty in Mokuhonua"; and to the court's allowing to be put to the same witness the question, "How long have you heard and known of its being reported generally that Lilihana owned the land in question?" The plaintiff also excepted to the decision of the trial court on the ground that it was contrary to the law and the evidence, and to the overruling of her motion for a new trial.

We will first consider the exception to the decision. Counsel for the plaintiff contends that the evidence was insufficient to show an ouster of Maria by her sister Lilihana, or an intention on the part of the latter to claim title or ownership of the disputed land to the exclusion of the plaintiff. The testimony was conflicting upon vital points. Had the court below believed the testimony given by the plaintiff its decision would undoubtedly have been in her favor. The decision not being in the record, we are not apprised of the reasoning by which the conclusion in defendant's favor was reached, but upon this exception we are obliged to take that view of the evidence which tends to support the decision. The evidence, a synopsis of which has been given, was sufficient to support a finding that Lilihana, through tenants, and her assigns, have held possession of the land continuously since 1883 or 1884, collecting the rents, and during a part of the time, at least, paid the taxes on the land; that her possession was under claim of sole and exclusive ownership; that the nature of her claim was made known to the plaintiff as long ago as the year 1887, and was again brought directly to her attention in 1894; and that the plaintiff made no claim to an interest in the land till after her return from China in 1903. Such a combination of facts is enough to rebut the presumption that the possession of one co-tenant is subservient to the others, and sufficient to uphold a finding that the possession so maintained has ripened into a complete title. *Smith* v. *Hamakua Mill Co.*, 13 Haw. 716.

Under the circumstances set forth it is immaterial whether Lilihana regarded her title as originating as an heir of her

mother or as devisee under the will of her father. The effect of the evidence would be the same in either case.

The three exceptions to the admission of testimony are over-ruled. Assuming that there was possible error in that con-nection, we are satisfied that it was not such as would require the reversal of the judgment. It is unlikely that the testimony admitted over the plaintiff's objections had any influence on the conclusion arrived at by the trial court, which conclusion, as we have shown, is amply supported by the other evidence in the case.

One of the grounds for plaintiff's motion for a new trial was alleged newly discovered evidence. It was shown that during the trial of the case, after the plaintiff had rested and while evidence for the defendant was being received, plain-tiff's attorney ascertained from one Forrest that he could tes-tify that sixteen or seventeen years ago he offered to buy the land in dispute from Lilihana and that she then informed him that she owned only a one-half interest in the land. No at-tempt to introduce the testimony was made and the court's attention was not called to the matter until the filing of the motion for a new trial. The evidence was not newly discov-ered within the meaning of the rule. No error was committed in denying the motion. 29 Cyc. 883, 885.

Exceptions overruled.

*A. G. Correa* for plaintiff.

*W. L. Stanley* (*Holmes, Stanley & Olson* on the brief) for defendant.