## W. H. A. SHERMAN *v.* JAMES McCLELLAN, ET AL.

## No. 1121.

RESERVED QUESTIONS FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. C. W. ASHFORD, JUDGE.

FILED AUGUST 2, 1918.

COKE, C.J., QUARLES, J., AND CIRCUIT JUDGE HEEN
IN PLACE OF KEMP, J., ABSENT.

*Appeal and Error—record—reserved questions.*

This court will return unanswered for decision by the circuit
judge in the first instance reserved questions based upon a lengthy
original record in the circuit court and this court will answer no
reserved questions except upon a record made ifor and to remain
in this court.

*Same—reserved questions—returned unanswered.*

Where the plaintiff sues forty-seven defendants, a number of
appearances being made by various counsel for some of the defend-
ants, one of the defendants answering the bill of complaint which
was for accounting, discovery and enforcement of stockholders'
liability in a corporation, numerous demurrers being filed upon
behalf of the other defendants wherein numerous grounds of de-
murrer are alleged, each of the demurrers being different from
the other and whereby a large number of questions are raised, the
circuit judge at the hearing of the demurrers and before the argu-
ment was completed reserved the questions as to whether or not
the demurrers should be sustained, and if not all of them, which
of the demurrers should be sustained and which should be over-
ruled, such reserved questions do not present concrete questions
of law contemplated by the statute and this court will return the
same unanswered.

*Per Curiam:* The plaintiff filed his bill of complaint
for accounting, discovery and the enforcement of liability
as stockholders of the defendant James McClellan and
forty-six others in the circuit court of the first judicial
circuit. To the bill of complaint one defendant answered,

appearing by his attorney C. C. Bitting, and denied the allegations of plaintiff's bill. One of the defendants appeared by his attorney E. R. Bevins alleging three grounds for demurrer. Twenty-three defendants appeared by their attorneys Thompson & Cathcart and filed their joint demurrer alleging sixteen grounds of demurrer. Two other defendants appeared by their attorneys Thompson & Cathcart and filed their several demurrers alleging sixteen grounds of demurrer. Another defendant appeared by his attorney R. W. Breckons and filed a demurrer to plaintiff's bill alleging five different grounds of demurrer. Four defendants appeared by their counsel E. C. Peters and filed a demurrer to the complaint alleging in said demurrer eighteen grounds. A large number of questions were raised by these various demurrers.

It appears that at the hearing at chambers of the demurrers and before the argument was completed the circuit judge concluded that this was a proper case for reservation to this court, and the circuit judge, in certifying the questions to this court, said: "That, after the argument upon said demurrers had proceeded for a time, and was still unfinished, the said first judge, conceiving this to be a proper and appropriate case for reservation and certification to your honorable supreme court for a decision as to whether said demurrers, or any of them, should be sustained, and being in doubt as to what decision should be rendered by him, the said first judge of said circuit court, in respect of said demurrers,—and, by the consent of counsel for said complainant and said demurrants respectively, then and there entered an order reserving said question, to wit, whether said demurrers, or any of them, should be sustained,—to the said supreme court, for decision by said last mentioned court."

The questions reserved are as follows:

"(1)    Should said demurrers, or any thereof, be sustained?"

"(2)    If certain of said demurrers should be sustained, and certain other or others thereof should be overruled,—which of said demurrers should be sustained, and which should be overruled?"

The original record in the circuit court containing the bill of complaint, the various demurrers filed by the different defendants and stipulations of the parties as to time for appearing and demurring is transmitted to this court with the certified questions, and no transcript of the pleadings and demurrers, so as to make a record for preservation in this court, is sent to this court. Under such circumstances this court will decline to answer reserved questions and will return reserved questions certified in such manner for decision by the circuit judge or court in the first instance. The statute authorizing the reservation of questions by a circuit judge or circuit court, either with or without motion of parties, was intended to afford the opportunity of having concrete questions of law, apparently decisive of some phase of the case, decided in advance by this court. The statute does not contemplate that the burden of deciding the merits of a long and complicated bill of complaint, to which numerous demurrers by different defendants presenting different questions, the questions aggregating many in number, should be imposed upon this court for decision in the first instance, and the statute vests in this court the discretion of returning any or all reserved questions unanswered. And this court, under the circumstances of this case, both on account of the record and on account of the form and substance of the questions reserved, returns the same to the circuit judge for decision in the first instance.