UNION TRUST COMPANY, LIMITED, BY F. B. CARTER III, ITS RECEIVER, *v.* JOHN T. CAREY AND VIRGINIA C. CAREY, DEFENDANTS, EDWIN P. MURRAY, AUDITOR CITY AND COUNTY OF HONOLULU, AND JAMES D. REID, AUDITOR TERRITORY OF HAWAII, GARNISHEES.

No. 2519.

SUBMITTED MARCH 26, 1943.          DECIDED MAY 3, 1943.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY LE BARON, J.

This is an action of assumpsit for the balance due upon a promissory note. After trial the jury returned a verdict against the defendants, who appeal to this court.

The facts are not in dispute. On September 24, 1934, the defendants executed a promissory note and its securing mortgage, and delivered both to the plaintiff. On December 23, 1936, the mortgage was foreclosed for a default of interest payments. The plaintiff purchased the mortgaged property and the proceeds of sale were applied to the reduction of the indebtedness represented by the note in suit.

The defendants admitted the execution of the note, but interposed as a defense evidence of a collateral agreement between the parties made orally a month or more before the foreclosure sale. The agreement consisted basically of an interchange of promises. To conclude the interposed defense, the defendants offered to prove that had the plaintiff not breached its part of the agreement the note would have been cancelled. This offer was rejected by the trial judge and all testimony concerning the oral

agreement was stricken from the record. To these rulings the defendants except.

In order for the evidence of the agreement and proof of its breach to be a defense, the defendants had the burden of showing that the interchange of promises formed a bilateral contract which imposed an enforceable obligation upon the plaintiff to perform its promise. The promise of the defendants would be a good consideration for the promise of the plaintiff if the promises were reciprocal, binding each party, so that there was something on both sides to be done or forborne. The obligation of every bilateral contract in order to be enforceable must have this element of mutuality. (See *Lum Wai* v. *Hong Hoon*, 24 Haw. 696.)

The evidence shows that the defendants denied that they were in default in any of their payments under the mortgage for the reason that there were due them credits greater in amount than that claimed by the plaintiff to be in default. It further shows that the plaintiff, when confronted with this state of affairs, made a proposition to the defendants to relieve them of the mortgage agreement by instituting a foreclosure sale at which the plaintiff would be the purchaser in order to resell the property for the purpose of applying the net profit of the resale to the balance of the mortgage note. And, according to the evidence, the defendants agreed to this proposition. They thereby impliedly promised to allow the foreclosure sale and voluntarily abandoned any further opportunity to affect credits on their mortgage account which they had claimed were due them, and forsook their right to prevent the foreclosure sale, which they could have done by paying the arrears of interest. In addition, they took their chances after the mortgaged property would be lost to them of having to pay any balance due on their note should

the profit be insufficient to cancel the note, or should there be no profit at all.

Within a short and reasonable time thereafter, foreclosure proceedings were instituted. The defendants observed their promise by withdrawing their demand for credits to the mortgage, and by not frustrating the contemplated foreclosure. The forswearing of their claim of credits and the waiving of their right to pay the interest due constituted a forbearance by the defendants to exercise rights, which forbearance was a detriment to them and therefore their promise was ample consideration to support as an enforceable obligation the plaintiff's promise to credit the balance of the note. (*Trousseau* v. *Cartwright*, 10 Haw. 138, 142; *Boston Heating Co.* v. *Middleborough Sav. Bank*, 288 Mass. 433, 193 N. E. 12.)

One of the grounds of the lower court's rulings was that the obligation was unenforceable by reason of the statute of frauds. However, assuming that the undertaking did fall within the provisions of the statute, the agreement would nevertheless be taken out of the statute's operation by the well-recognized doctrine of part performance. (See *Vierra* v. *Shipman*, 26 Haw. 369; *Molokai Ranch, Ltd.* v. *Morris*, 36 Haw. 219.)

For the reasons assigned the exceptions are sustained, the judgment below is reversed and the cause is remanded to the lower court for a new trial.

*C. B. Dwight* for defendants-appellants.

*Anderson, Wrenn & Jenks* for plaintiff-appellee.