ANTONIO M. CABRINHA, PHILOMENA CABRINHA,
ANTHONY S. CARVALHO, FRANK H. LEMAN
AND INGRAM M. STAINBACK *v.* AMERICAN
FACTORS, LTD., OLAA SUGAR COMPANY, LTD.,
WALTER F. DILLINGHAM, HAROLD W. RICE,
GEORGE W. SUMNER, LORRIN P. THURSTON,
H. A. WALKER, GAYLORD P. WILCOX, A. B. LAU
AND J. E. EDNIE.

No. 3045.

ARGUED NOVEMBER 8, 9
AND DECEMBER 20, 1956.                    DECIDED SEPTEMBER 17, 1957.

MARUMOTO, J., CIRCUIT JUDGE NEVELS IN PLACE OF
STAINBACK, J., DISQUALIFIED, AND CIRCUIT JUDGE
FELIX IN PLACE OF RICE, C. J., DISQUALIFIED.

OPINION OF THE COURT BY MARUMOTO, J.

In this case, petitioners are minority stockholders of
Olaa Sugar Company, Ltd. They filed a stockholders' suit
for temporary restraining order, cancellation of contract
and accounting against American Factors, Ltd., Olaa
Sugar Company, Ltd., and directors of American Factors,

Ltd. American Factors, Ltd., and Olaa Sugar Company, Ltd., will hereafter be referred to as American Factors and Olaa respectively.

Petitioners alleged in their petition that at all times relevant to the petition American Factors, through its ownership of stock in Olaa and through its employees and employees and pensioners of Olaa, has been able to elect a majority of the directors of Olaa; that the directors of Olaa so elected have been either directors, officers, employees or stockholders of American Factors, and subject to the direction and control of American Factors; that by the actions of such directors the stockholders of Olaa have been and are burdened with a fraudulent and unfair contract made for the benefit and enrichment of American Factors.

After the filing of the petition, American Factors and Olaa filed a motion for summary judgment in their favor under Rule 56 (b) and (c) of the Hawaii Rules of Civil Procedure, together with affidavits in support thereof. Individual respondents also filed a motion for summary judgment, and, in addition thereto, a motion to dismiss under Rule 12. Thereafter, petitioners filed a motion to deny respondents' motions for summary judgment and motion to dismiss and to strike affidavits in support of the motions for summary judgment.

The case is before this court on a reserved question. The question is stated by the presiding judge of the circuit court as follows:

"This cause having come on for hearing upon respondents' motions for summary judgment and to dismiss and petitioners' countermotion and affidavits and this Court, having concluded that there exists no genuine issue as to any material fact but, by reason of the opinion of the Supreme Court in *Lum* v. *Kwong*, 39 Haw. 532 (1952) having a well founded doubt upon

the following question of law raised in and by the pleadings, motions and record herein and deeming the reservation of the same and decision and answer by the Supreme Court will result in a more speedy determination of this cause, hereby of its own motion reserves said question to the Supreme Court for its decision and answer:

"Should respondents' motions for summary judgment and to dismiss be denied?"

We return the reserved question to the circuit court for decision by it in the first instance.

As the question is stated by the circuit judge, there are two parts, namely, (a) whether respondents' motion to dismiss should be denied and (b) whether respondents' motions for summary judgment should be denied. However, we need not consider the motion to dismiss, as such, but may treat it also as a motion for summary judgment. Under Rule 12 (b) of the Hawaii Rules of Civil Procedure, if on a motion for asserting the defense to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment.

Rule 56 of the Hawaii Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

It is the position of respondents that inasmuch as the circuit judge concluded that there is no genuine issue as to any material fact, summary judgment ought to be rendered. The rule, as quoted above, is that where there is no genuine issue as to any material fact summary judgment "shall be rendered forthwith."

Respondents argue that *Lum* v. *Kwong* does not apply to this case because here there is an action by a disinterested majority of the stockholders of Olaa not to sue; that the question of law reserved is based on the factual determination that there was a competent and disinterested majority of stockholders which is one of the material facts as to which there is no genuine issue; and that what this court is asked by the trial judge is a pure question of law, namely, whether the decision of a disinterested majority of stockholders not to sue bars suit.

Petitioners, on the other hand, argue that summary judgment should be denied because respondents have not established the existence of a disinterested majority of stockholders and that the only finding that the circuit judge could have made under the pleadings and the affidavits is that there has been no action by a disinterested majority.

We were unable to determine from the statement of the reserved question whether the circuit judge considered the existence of a disinterested majority of stockholders and the action by such majority, if any, were material facts. Nor could we divine from such statement what his findings of fact actually were.

Accordingly, we ordered the circuit judge to certify to this court the material fact or facts considered by him as to which he concluded that no genuine issue exists and his findings as to such fact or facts.

In compliance with the order, the judge filed a certificate in which he summarized certain undisputed facts. He did not include action by a disinterested majority of the stockholders of Olaa not to sue as one of the facts considered by him. With reference to the question of disinterested majority, the judge stated: "This court deems it unnecessary (in the absence of a specific direction from the Supreme Court) to direct that a trial be conducted

in an attempt to determine the highly metaphysical and speculative matters that would be involved in attempting (which attempt may prove an impossible task) to ascertain whether the actions taken and the votes cast were done by an 'interested' or 'controlled' majority as contended by the petitioners or by a 'disinterested' or an 'uncontrolled' majority as contended by respondents, and deems the issue immaterial for the determination of the question which has been reserved to the Supreme Court."

The statement of the circuit judge that he has concluded that there is no genuine issue as to any material fact but that he has a well founded doubt on a question of law in view of the decision of this court in *Lum* v. *Kwong* presents somewhat of a paradox. What is a material fact depends on what is the applicable law.

The existence of a disinterested majority of stockholders and an action by such majority not to sue may be material facts. That depends on whether *Lum* v. *Kwong* is applicable or not applicable in this case. If *Lum* v. *Kwong* applies only to a situation where there is no action by a disinterested majority of stockholders, then the existence of such majority and any action taken by such majority not to sue will be very material facts. If *Lum* v. *Kwong* applies irrespective of the existence of a disinterested majority of stockholders and an action by such majority not to sue, both the facts of such existence and such action will be immaterial.

On a reserved question we are required to answer a question of law based on facts reported to this court by the circuit judge. We may not express an opinion on a question of law by assuming certain facts as to which the circuit judge has made no finding. In this case the circuit judge has not made any finding either as to the existence of a disinterested majority of stockholders or as to any action taken by such majority.

We think that a decision by the circuit judge in the first instance on the motions will result in a more speedy termination of this case. If we order the circuit judge to make a finding of fact with respect to action by a disinterested majority and we decide the question of law on the basis of the finding of the circuit judge, there may be a further appeal to this court on the ground that such finding is unwarranted by the record. Thus, there is a possibility of two proceedings in this court before the question of law is finally determined. If the motions are decided by the circuit judge in the first instance and there is an appeal from such decision, we may review the entire record instead of basing our decision only on the finding of the circuit judge. In that case the question of law will be decided in one proceeding in this court.

*J. Harold Hughes* (also on the brief) for petitioners-appellees.

*J. Garner Anthony* and *J. Russell Cades* (*Robertson, Castle & Anthony* and *Smith, Wild, Beebe & Cades* with them on the briefs) for respondents-appellants.