# LENNEN & NEWELL, INC., A NEW YORK CORPORATION v. CLARK ENTERPRISES, INC., A HAWAII CORPORATION, ET AL.

## No. 4748.

JUNE 13, 1969.

RICHARDSON, C.J., ABE, LEVINSON, JJ., CIRCUIT JUDGE FUKUSHIMA IN PLACE OF MARUMOTO, J., DISQUALIFIED, AND CIRCUIT JUDGE LUM ASSIGNED BY REASON OF VACANCY.

234

Plaintiff sued the maker and guarantors of a promissory note dated October 6, 1964, in the principal amount of $18,486.94 for advertising services rendered. The court entered judgment by stipulation against Clark Enterprises and Charles G. Clark and summary judgment against Edwin N. Tamura in the principal amount of $18,486.94 plus interest of $1,478.88, plus costs and reasonable attorney's fees to be set at a later date. Defendant E. Paul Simpson, one of the guarantors, contested the action, however, alleging an oral release by Mr. John M. Siegle, Hawaii manager of plaintiff corporation, upon which he had relied to his detriment. He further alleged that the guaranty agreement was invalid because it was without consideration.

The trial court granted plaintiff judgment, finding that there was no evidence of a release granted by the plaintiff corporation or any of its agents. The court further found that the guaranty was supported by consideration and that therefore defendant Simpson was liable upon the note as a guarantor in the amount of $18,486.94 with interest to the date of judgment in the sum of $3,751.07, court costs of $120, and reasonable attorney's fees against all of the defendants in the sum of $4,469.04, for a total judgment of $26,827.05. The court then credited against this the sum of $8,485.86 paid to plaintiff by others while the suit was pending, leaving a balance of $18,341.19, which was to bear the legal rate of interest of 6% per annum. Defendant appeals from that judgment, asserting error in the findings of the court, in the admis-

sion of some extrinsic evidence, and in the computation of the attorney's fees.

I. The findings of fact of the trial judge.

Appellant's specifications of error 1 through 5 challenge the findings of the trial judge as being contrary to the weight of the credible evidence.

Needless to say, the rule in this jurisdiction is that this court will not pass upon issues resting upon the credibility of witnesses and the weight of the evidence, *Shannon* v. *Murphy,* 49 Haw. 661, 667, 426 P.2d 816 (1967), nor will we set aside the findings of the trial court unless we are "driven irrefragably to the conclusion that all objective appraisals of the evidence would result in a different finding," *Low* v. *Honolulu Rapid Transit,* 50 Haw. 582, 445 P.2d 372 (1968). Our examination of the record does not compel us to set aside the findings of the trial judge.

The circumstances surrounding the making of the note indicate that the defendants executed the note with the reasonable expectation that plaintiff would forbear from collecting the debt due and would grant further services to Clark Enterprises, Inc. The fact that plaintiff did forbear and did continue to render services in satisfaction of defendants' expectations justified the trial court's finding of consideration for the guaranty.

The trial judge, however, did not find sufficient evidence to believe an oral release was given; nor could he find evidence that the local manager had authority to give a release of corporate assets. We fail to find otherwise.

II. Specifications of error as to conclusions of law.

Appellant claims the trial court erred in holding that the local manager of plaintiff was without authority to permit a release of appellant as a guarantor. We find it unnecessary to examine this question because the court's key finding that sufficient credible evidence of an oral or written release by Siegle or Lennen & Newell was lacking

does not rest on the finding of Siegle's lack of authority.

Appellant further challenges the conclusion of law that the guaranty was executed for valuable consideration. The court had held that a stated consideration supports the presumption of sufficient consideration and that said presumption had not been rebutted. Alternatively, the court found that the forbearance from collection and the promise of future services even on a cash basis constituted valuable and sufficient consideration.

Appellant is of course correct in his assertion that the parol evidence rule does not prohibit showing a failure of consideration, *Grimes and Grimes* v. *Walker,* 1 Haw. 21 (16) (1847), and that a recital of consideration is always subject to explanation, *Alo* v. *Blair and Manini,* 1 Haw. 269 (153) (1855), but a reversal is not required here where the court has looked at all the evidence and has found sufficient consideration to support the guaranty.

Appellant further argues that the consideration found by the judge is insufficient in law because it runs to the maker of the note and not to himself as guarantor; that forbearance in fact is insufficient consideration because not bargained for; and that a promise for future services is inadequate to support the agreement.

The established rule in this jurisdiction is that where the guaranty is collateral to a principal contract and is made an essential ground of the credit given to the principal debtor, there is no need for further consideration. *Hutchinson* v. *Keikiohua,* 4 Haw. 47 (1877). This court has also stated that where the consideration for the original agreement guaranteed by the guarantor has benefited the principal debtor to the detriment of the original creditor, there is sufficient consideration. *Metropolitan Casualty Ins. Co. of New York* v. *Realty Development Co.,* 32 Haw. 667 (1933).

The trial court apparently believed Mr. Siegle, the local

manager, who testified that the acceptance of the promissory note of the defendant corporation was conditioned upon the giving of the guaranty by the principal shareholders, Simpson being one of them. Under the rule stated in *Hutchinson* v. *Keikiohua, supra,* and under the principle of the *Metropolitan* case, *supra,* no further consideration was necessary to support the guaranty because the actual forbearance and promise for future services found by the court were of benefit to both the corporation and the principal shareholders.

The corporate officers were well aware of the large amount due and the possibility of the cutting off of further services by an advertising firm well acquainted with the needs and desires of the corporation. Reasonable officers would have inferred that Lennen & Newell would take affirmative action on the amounts owing unless Clark Enterprises could give it reasonable assurance that the advertising agency would be paid for services rendered. The trial court did not clearly indicate whether there was an implied promise to forbear to support the guaranty or whether the actual forbearance was an acceptance for the guaranty. Either theory in our opinion is supported by the facts and legal authority. *Union Trust Co.* v. *Carey,* 36 Haw. 390 (1943) ; 1 Corbin, *Contracts* §§ 66, 144 (1963) ; *McDonald Bros. Co.* v. *Koltes,* 155 Minn. 24, 192 N.W. 109 (1923).

The agreement for future services was also a benefit to the corporation and its officers because it was advantageous to it to retain an advertising firm familiar with its objectives and needs. Furthermore, it would have had difficulty obtaining the services of another firm in view of its precarious financial condition. Plaintiff's risk was that it might not be paid.

III. Objections to admissions of evidence.

The appellant has objected to the admission of Ex-

hibits 2, 12, 13, 14, 16, 17, 18, 19, 20, 22, 23, and 26-A on grounds of hearsay, immateriality and irrelevancy, or improper foundation. We find it unnecessary to examine the objections because of appellant's failure to show prejudicial error. The rule in this jurisdiction is that an error in admission of evidence is not reversible unless the appellant is able to show that the alleged inadmissible evidence influenced the decision of the trial judge and the decision therein was insupportable by other evidence. *Aiona* v. *Ponahawai Coffee Co.,* 20 Haw. 724 (1911). This principle was explicitly applied in *Tanaka* v. *Mitsunaga,* 43 Haw. 119, 127 (1959):

> "* * * Under H.R.C.P., Rule 61, we are enjoined to disregard any error or defect in the proceeding which does not affect the substantial rights of parties. In *Builders Steel Co.* v. *Commissioner of Internal Revenue,* 179 F.(2d) 377, 379, it is stated: 'An appellate court will not reverse a judgment in a nonjury case because of the admission of incompetent evidence, unless all of the competent evidence is insufficient to support the judgment or unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made.' * * *"

The court admitted Exhibit 2, an office memorandum dated January 30, 1964, from the West Coast office to Mr. Siegle for the limited purpose of showing that the Clark Enterprises, Inc. account was authorized by the West Coast office. This fact was not in dispute and no finding of fact rests upon this exhibit.

The court admitted Exhibit 12, a letter dated April 2, 1965, from the assignee of Clark Enterprises to the attorney for plaintiff for the limited purpose of showing that the assignee had acknowledged receipt of the assignment of accounts receivable with warranties. No finding rests upon this evidence.

The remaining exhibits complained of give evidence of the assignment of certain assets of Clark Enterprises, Inc. to another individual, and include various documents from the bankruptcy proceedings of Clark Enterprises, Inc., which reveal the assets and liabilities of the corporation. These were submitted to rebut defendant's theory that the alleged release was supported by a consideration of detrimental reliance on his part. The decision of the trial judge was that no release was given. Therefore, the judge clearly did not rely upon those exhibits because he did not have to decide any issue of detrimental reliance as consideration supporting the alleged release.

IV. Basis for assessing attorney's fees.

The following table represents the judgment ordered below:

| | |
|---|---:|
| Principal amount of note due at time of suit | $18,486.94 |
| Interest to date of judgment | 3,751.07 |
| Court costs | 120.00 |
| Attorney's fees assessed against all defendants | 4,469.04 |
| SUB-TOTAL | $26,827.05 |
| Credited payments allowed | 8,485.86 |
| TOTAL JUDGMENT | $18,341.19 |

Appellant contends that the trial court erred in allowing attorney's fees in excess of the statutory limit of 25% under HRS § 607-17.[1] He believes that the trial court

---

[1] § 607-17 *Attorney's fees when provided for in promissory notes, etc.* Any other law to the contrary notwithstanding, where an action instituted in the district or circuit court on a promissory note or other contract in writing provides for an attorney's fee the following rates shall prevail and shall be awarded to the successful party, whether plaintiff or defendant:

   (1)   Where the note or other contract in writing provides for a fee of twenty-five per cent or more, or provides for a reasonable

should first credit the amounts already paid on the note pending judgment before adding on court costs and attorney's fees. His figures would read:

| | |
|---|---|
| Principal due | $18,486.94 |
| Interest to date of judgment | 3,751.07 |
| SUB-TOTAL | $22,238.01 |
| Credited payments | 8,485.86 |
| BASIS FOR ATTORNEY'S FEES | $13,752.15 |

Twenty-five per cent of the above amount is $3,438.04, or about a thousand dollars less than the amount assessed by the court.

Appellees contend, however, that the fees should be based upon the principal amount sued for plus interest ($22,238.01) prior to any credits. This would bring the maximum allowable to $5,559.50.

We agree with appellees because the legislative intent of the law in question has been stated to be:

(a) that the fee that can be collected as an attorney's fee or collection fee in a contested action shall be no more than twenty-five percent of the debt. 1959 House Journal 617.

Cases in this jurisdiction have held "debt" to mean "all that is due to a man under any form of obligation or promise...." *Kerr* v. *Hyman Brothers,* 6 Haw. 308, 309 (1882); *accord, Henriques* v. *Vinhaca,* 20 Haw. 702, 709 (1911).

---

attorney's fee, twenty-five per cent shall be allowed;

(2)   Where the note or other contract in writing provides for a rate less than twenty-five per cent, the specified rate shall be allowed;

provided that the fee allowed in any of the above cases shall not exceed a sum of $250 in the district courts and shall not exceed that which is deemed reasonable by the presiding judge of the circuit courts.

We are cognizant that the guaranty contains the following promise: "[T]he undersigned, jointly and severally, hereby guarantee unconditionally . . . to pay all costs and expenses, including reasonable attorney fees in the collection of any indebtedness or obligation hereby guaranteed." To us, this refers to the costs of collection of the total amount due at the time suit is initiated, plus interest upon that amount at the time the fees are assessed.

Fairness mandates that a defendant pay for an attorney's efforts in reducing the amount of the indebtedness sued upon. This would include fees in related collection proceedings, such as garnishment and bankruptcy. Naturally, the trial court should consider any attorney's fees already obtained in the ancillary proceedings. We have examined the record and find no abuse of discretion in the determination of attorney's fees by the trial court.

We have also examined appellant's remaining claims as to prejudice due to violations of Rule 5 of the Hawaii Rules of Civil Procedure and find they are without merit.

Affirmed.

*Burnham H. Greeley* (*Padgett, Greeley, Marumoto & Akinaka* of counsel) for defendant-appellant.

*William M. Swope* (*E. Gunner Schull* with him on the brief, *Smith, Wild, Beebe & Cades* of counsel) for plaintiff-appellee.