615 P.2d 756 (1980)
ASSOCIATION OF APARTMENT OWNERS OF the PARK TOWERS, Plaintiff-Appellee,
v.
Julia E. CHILD,
John Does 1 through 5, Doe Corporations 1 through 5 and Doe Partnership 1 through 5, Defendants-Appellants, Third-Party Plaintiffs-Appellants,
v.
AMFAC, INC., Third-Party Defendant-Appellee, and
John T. Champlin, Takashi Nakamura, Clarence I. Nakashima, T. Takahashi, Ltd., Shimazu Shimabukuro & Fukuda, Inc., and Aaron M. Chaney, Inc., Third-Party Defendants.
No. 6366.
Intermediate Court of Appeals of Hawaii.
August 8, 1980.
*757 Erik R. Zen, Honolulu, for defendant-appellant third-party plaintiff-appellant Julia E. Child.
J.J. Monroe, Honolulu, for plaintiff-appellee Ass'n of Apartment Owners of the Park Towers.
Edwin L. Doernberger, Honolulu, for third-party defendant-appellee Amfac, Inc.
Before HAYASHI, C.J., and PADGETT and BURNS, JJ.
HAYASHI, Chief Judge.
This is an interlocutory appeal from an Order Denying Defendant's Motion for Summary Judgment.
On appeal we are asked 1) to determine whether the lower court properly denied the motion and 2) to give an opinion on what the parties stipulated to be "reserved questions."
Defendant was the owner of the land on which the Park Towers Condominium is situated. In 1960, defendant contracted with Pacific Builders, a licensed general contractor, for the construction of the Park Towers Apartment Building. The work on the building and the retaining wall in controversy was completed in December of 1962.
In 1963, defendant converted the project into a condominium pursuant to the Horizontal Property Regime statute.
Commencing about June 3, 1970, the retaining wall was observed to buckle and bulge. Upon examination by engineers, it was found that there was an inadequate foundation for the wall. The plaintiff repaired the retaining wall at an expense of $17,737.91 and brought this action to recover that amount from defendant.
The complaint stated two grounds for relief: 1) the defendant negligently or carelessly permitted the wall to be constructed in an unsuitable and unsafe condition; and 2) the sale of the wall in its defective condition was a breach of defendant's implied warranty that the wall was structurally safe and was fit for its intended purpose. On the present appeal, the parties only raise the issues of defendant's liability for the structural defect under the implied warranty.
Defendant filed Third-Party Complaints against others but the only remaining parties in this action are the plaintiff; defendant/third-party plaintiff; and John T. Champlin (now deceased) and Amfac, Inc., third-party defendants.

1. Whether the trial judge properly denied the motion for summary judgment.

In reviewing a summary judgment proceeding, the standard to be applied by an appellate court is identical to that employed by the trial court, Technicolor, Inc. v. Traeger, 57 Haw. 113, 118, 551 P.2d 163, 168 (1976). Before a summary judgment may be granted, the record must be such that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Lecker v. General American Life Ins. Co., 55 Haw. 624, 625, 525 P.2d 1114 (1974).
The defendant admits that an implied warranty of habitability extends to the sale and purchase of new homes (including condominium apartments) but argues that this is true only where the seller is a builder or real estate developer. Gable v. Silver, Fla. 258 So.2d 11 (1972); Bolkum v. *758 Staab, 134 Vt. 627, 346 A.2d 210 (1975); Carpenter v. Donahoe, 154 Colo. 78, 388 P.2d 399 (1964). Therefore, the defendant contends that she cannot be held liable under an implied warranty of habitability because she was only a passive owner and was neither a real estate developer nor builder. Furthermore, she contends that at the time of its sale the condominium was not "new housing."
Plaintiff contrarily contends that even assuming defendant's statement of the law to be correct defendant was not a passive property owner but was a real estate developer or a builder-vendor and the condominium was "new housing."
In light of the above, we conclude that a genuine issue of material fact exists and hold that the trial court properly denied defendant's Motion for Summary Judgment.

2. The "reserved questions".

After defendant's Motion for Summary Judgment was denied, the trial court consented to an interlocutory appeal by agreement of parties as evidenced by the following:
.....
MR. HODDICK: Your Honor, we would ask leave to file an interlocutory appeal to the Supreme Court. This is going to be a novel question of law, and there's going to be days of trial and experts who charge a lot of money that I expect the plaintiffs plan to call as witnesses, and we think that perhaps the cheapest way is to go on an abbreviated record to the Supreme Court.
THE COURT: Any 
MR. SMITH: Your Honor, I agree with that. I would like to see the matter 
THE COURT: Fine.
MR. SMITH: Go up on appeal so that we have the law of the case established. I would ask that if the court is going to certify the matter as an interlocutory appeal that we also embrace in the certification the statute of limitations issue that's been raised so we get a complete hearing and we don't go up and down several times.
MR. HODDICK: I have no objection to that.
THE COURT: What is the question on the statute of limitations?
MR. HODDICK: The question is that the, how long does this liability run in terms of my client, where the liability, for instance, of the contractor is only two years.
THE COURT: Two years from what?
MR. HODDICK: That is the question. Discovery and 
MR. SMITH: There was quite a flurry about two years ago in this case, Your Honor, when various motions for summary judgments were filed by a number of parties, some of which were granted and the defendant Julia Child also tried to get out on that basis also and the motion was denied but I feel that there are issues in the case pertaining to the statute of limitations. Those should go up also so we get a total ruling.
THE COURT: Has this court ruled on that?
MR. HODDICK: Yes. Not Your Honor.
MR. SMITH: Judge Doi. I would like to get together with counsel and work out an agreement statement of facts 
MR. HODDICK: And record.
MR. SMITH: And record.
.....
Thereafter the parties entered into the following Stipulation in Connection with Interlocutory Appeal:
1. Subject to the order and approval of this Court, the interlocutory appeal to be taken shall embrace all issues herein assertable in connection with that prior motion for summary judgment filed on or about October 30, 1973, by Defendant Julia E. Child, so that all legal issues relating to the basis of liability of Defendant Julia E. Child and the running of the statute of limitations will be reviewed on the interlocutory appeal and the law of the case established.

*759 2. The plans for the project were prepared by an architect named John P. Champlin, who was registered as a licensed architect by the State of Hawaii on January 31, 1951, holding license number 627-A. Mr. Champlin at the time he prepared the plans was employed by Pacific Builders, Inc., a Hawaii corporation. At the time the Complaint was filed herein, Mr. Champlin was deceased and Pacific Builders, Inc., was a defunct corporation.
3. Pacific Builders, Inc., was a general building contractor duly licensed under Hawaii law and was the contractor which originally built the subject project.
4. When Pacific Builders, Inc., ceased doing business, it stored all its files in connection with the project at M.A. Blair & Co., where they were accidentally destroyed by fire.
Subsequently, the court entered an Order Allowing Interlocutory Appeal which, in part, states:
... Plaintiff having consented and stipulated to the taking of such interlocutory appeal provided that certain stipulations of facts are entered into of record by and between Plaintiff and Defendant Julia E. Child; and provided further, that the interlocutory appeal embrace all issues assertable in connection with that prior motion for summary judgment filed on or about October 30, 1972, by Defendant Julia E. Child, said motion having been denied by this Court so that all legal issues relating to the basis of liability of Defendant Julia E. Child and the running of the statute of limitations will be reviewed on appeal and the law of the case established, and such stipulations of fact having been entered into, and the Court being fully advised in the premises and being of the opinion that such interlocutory appeal is advisable... .
The proper form of reservation requires the lower court to present a specific question or questions of law. Sherman v. McClellan, 24 Haw. 428, 430 (1918). A reservation of "all issues assertable in connection with that prior motion for summary judgment" or of "all legal issues relating to the basis of liability of Defendant Julia E. Child and the running of the statute of limitations" is not sufficiently specific.
Moreover, even if the reserved question of law was adequately specific, we are not supplied with sufficiently uncontroverted and specific facts upon which to render an opinion. Territory v. Comacho, 33 Haw. 628, 630 (1935). This court will not express an opinion on a question of law by assuming certain facts as to which the lower court has made no finding. Cabrinha et al. v. Olaa Sugar Company et al., 42 Haw. 96, 100 (1957).[1]
Consequently, the only issue properly before this court on appeal concerns the denial of summary judgment by the trial court below. Having previously concluded that the trial court had sufficient grounds to find that a genuine issue of material fact exists, we affirm the order denying summary judgment and remand the case to the court below for further proceedings consistent with this opinion.
NOTES
[1] Effective January 2, 1980, a lower court may reserve questions of law for consideration by an appellate court in accordance with Rule 22, Rules of the Supreme Court of Hawaii, or Rule 13, Rules of the Intermediate Court of Appeals of Hawaii. Rule 22 reads:

Rule 22. RESERVED QUESTIONS.
(a) From What Court. A circuit court, the land court, the tax appeal court and any other court empowered by statute, on motion of any party or on its own motion, may reserve for the consideration of the intermediate court of appeals or the supreme court a question of law arising in any proceedings before it.
(b) Record. The court reserving the question shall transmit the record, or so much thereof as may be necessary to a full understanding of the questions reserved to the clerk of the supreme court. Certified copies may be transmitted in lieu of the original papers.
(c) Disposition. The court to which the assignment judge assigns the question may make such disposition of the case as it deems proper. It may, in its discretion, return any reserved question for decision in the first instance by the court reserving it.
Rule 13 is identical in its wording.