LEONARD SUESZ, Plaintiff-Appellant, *v.* ST. LOUIS-CHAMINADE EDUCATION CENTER, a Hawaii Corporation, Defendant-Appellee

NO. 6673

DECEMBER 3, 1980

HAYASHI, C.J., PADGETT, J., AND CIRCUIT JUDGE GREIG IN PLACE OF ASSOCIATE JUDGE BURNS, RECUSED

OPINION OF THE COURT BY HAYASHI, C.J.

This appeal is taken by the plaintiff-appellant from the trial court's Order Granting Summary Judgment on Count I and its dismissal of Count II of his Complaint.

We affirm the judgment.

Three issues are raised in this appeal: (1) whether summary judgment was appropriate; (2) whether the findings made by the court in dismissing Count II of the complaint should be set aside; and (3) whether the court erred in granting the motion of one of plaintiff's counsel to withdraw on the day that the hearing on the motion for summary judgment was set.

Plaintiff-appellant was first employed as a teacher at St. Louis High for the school year 1970-71. He was not tenured but worked on a year-to-year contract that was subject to renewal pending decision by the school principal (Father O'Connell) at the end of each school year. According to the school's stated policy new teachers are hired on a three-year probationary basis and are given one-year contracts for each year of probationary period. At the expiration of each contract, the school has singular discretion to offer a subsequent one-year contract — the probationary teacher has no automatic right to be rehired for the coming school year during the three-year probation period. When a probationary teacher begins the fourth year of employment, permanent status is obtained and the teacher is given tenure and all its appurtenant rights. The decision to rehire or terminate a probationary teacher for the coming school year is made near the end of the current school year, generally around April.

Near the close of appellant's third year of teaching, appellant was informed by the school principal that he would not be rehired for the coming school year. (While conceding the school's discretion to do so, we note that the record does not reflect that the decision to terminate appellant's services was arbitrarily made.)

In Count I of his complaint, the appellant alleged that the failure to rehire him and consider him for permanent status was a breach of his employment contract. Count II alleged that representations made to the appellant that he would be rehired if he evidenced marked improvement in certain areas of his responsibility raised an issue of promissory estoppel that precluded the defendants from discharging the appellant when improvement was shown.

The trial court granted summary judgment with respect to Count I finding that there were no factual issues in dispute and that defendant was entitled to judgment as a matter of law. Count II was dismissed when the court found that no representations, express or implied, had been made to the appellant that would justify his reliance thereon and that his probationary status permitted school authorities to terminate his services without reason.

The law is clear in this jurisdiction that on review a motion for summary judgment will be sustained where the record shows that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Hawaii Rules of Civil Procedure (HRCP) 56(g); *Lau v. Bautista*, 61 Haw. 144, 598 P.2d 161 (1979); *Association of Apartment Owners of the Park Towers v. Child*, 1 Haw. App. 130, 615 P.2d 756 (1980). We find no error in the trial court's determination that no factual issues existed with respect to appellant's contract to employment. Appellant clearly was on probation, undisputably lacked tenure and was not entitled to continued employment beyond the stated terms of the contract. Further, appellant's admitted failure to follow the stated grievance procedure effectively waived any claim he may have had that he was denied due process.

Trial on the merits of the second count was jury-waived and held before Judge Fukushima. In accordance with HRCP Rule 52, the court entered its findings of facts and conclusions of law thereon. Findings of fact Nos. 4, 5 and 6 relate specifically to the claims alleged in Count II of appellant's complaint and are argued here to be erroneous.

(4) That during said one year contract, Plaintiff was on a probationary status and as such Defendant was under no circumstances obligated to rehire Plaintiff.

(5) That the letter dated January 31, 1973, from Father WILLIAM O'CONNELL to Plaintiff setting forth areas in which improvement in Plaintiff's performance as a teacher was expected, clearly did not expressly or impliedly represent to Plaintiff that upon performance of the conditions as set forth therein, Plaintiff would be rehired.

(6) That there was no evidence of the fact that Father WILLIAM O'CONNELL made any representation to Plaintiff to the effect that Plaintiff was to be rehired for the following school year.

Appellant finds error in the court's findings and argues that the school was estopped from denying him re-employment because certain representations were made to him assuring him of re-employment if he showed improve-

ment in certain areas. To constitute an estoppel the party against whom it is sought to be enforced must have made a representation evidenced by a promise or conduct which induced the person to whom it was directed to rely thereon. *Fred v. Pacific Indemnity Co.*, 53 Haw. 384, 494 P.2d 783 (1972). A careful examination of the record reveals (and appellant's counsel at oral argument conceded) that no promises were made to the appellant to that effect, nor. is there any evidence in the record to justify appellant's contention that any express or implied representations were made to him with respect to his continued employment at St. Louis High School. Appellant's reliance on such representations appears to us to be baseless.

It is well-settled law that findings of fact will not be set aside unless they are clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. HRCP Rule 52(a); *Lennen & Newell v. Clark Enterprises*, 51 Haw. 233, 456 P.2d 231 (1969); *Klein, Inc. v. Hotel Kaimana*, 51 Haw. 268, 457 P.2d 210 (1969); *Haiku Plantations v. Lono*, 1 Haw. App. 263, 618 P.2d 312 (1980). Those findings will not be set aside unless we are "driven irrefragably to the conclusion that all objective appraisals of the evidence would result in a different finding." *Low v. Honolulu Rapid Transit*, 50 Haw. 582, 445 P.2d 372 (1968); *American Security Bank v. Read*, 1 Haw. App. 161, 616 P.2d 237 (1980). We are not so driven and can find no substantial justification to set aside the court's findings.

At the hearing on the motion for summary judgment, one of the plaintiff's attorneys moved to withdraw as counsel. The court, while noting that it was inclined to grant the motion for summary judgment, stated that it would not permit the attorney to withdraw at that time. However, the motion was granted and appellant ascribes error to that ruling. We would generally be inclined to agree except that our review of the record reveals that plaintiff was represented by *two* attorneys at the hearing on motion for summary judgment. The attorney remaining in the case was the appellant's original counsel who was fully apprised of all the proceedings and activity in this case. When this fact was made known to the court, the

motion to withdraw was granted. Therefore, since he was represented by competent counsel at all relevant times, we find appellant's contention in this regard to be without merit. We do not address the remaining issue raised by the appellee as it is without merit. Accordingly, judgment is affirmed.

*Charles H. Brower* for plaintiff-appellant (*Leonard Suesz*, Pro Se, on the briefs).

*Stephen Y. Lau* for defendant-appellee.