DON ARTHUR JESSMON and VALERIE KIKUKO JESSMON, Plaintiffs-Appellees, Cross-Appellants, *v.* MARVY VERONICA CORREA, individually, and DBA National Property Management, Defendant-Appellant, Cross-Appellee, and MUTUAL BENEFIT LIFE INSURANCE COMPANY; ALBERT C. ANDERSON, JR.; DOUGLAS H. CORREA, individually, and DBA National Property Management; NATIONAL REALTY, INC.; E. G. "KRIS" BRENNO, JR., individually, and DBA Financial Advisory Clinic of Hawaii; JOHN DOES 1-10 and DOE CORPORATIONS 1-10, Defendants, Cross-Appellees, and JAMES DOMINIC SWOISH and ELINOR ANN BRUNTON SWOISH, Defendants, Third-Party Plaintiffs, *v.* REAL ESTATE ONE CORPORATION, Third-Party Defendant

NO. 6604

JANUARY 9, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* Appellants Douglas and Marvy Veronica Correa (Correas) appeal from the judgment of the trial court against them finding that they committed deceit and fraud in certain real estate transactions with the appellees (Jessmons). This appeal specifically ascribes error to the trial court's finding of fact No. 43 and the conclusions of law based thereon.

This action arose out of an insurance-real estate plan engineered by Correa who was a licensed insurance agent for

Mutual Benefit Life Insurance Company and a licensed real estate broker as well. Correa also owned National Realty, Inc. (NRI) and National Property Management (NPM). Both of these companies were operated from a portion of the premises of the Financial Advisory Clinic (FAC). FAC housed the insurance operation of Mutual Benefit Life Insurance Company and other related endeavors and was headed by Mutual's general agent, E. G. Brenno.

The Jessmons were invited by their insurance agent to a meeting wherein Correa introduced his life insurance-real estate plan to prospective investors. *Inter alia,* the plan provided that the investors or participants would obtain a second mortgage on their present home and use the money obtained to purchase additional real estate, that Correa would locate the properties and assume full management, including collecting rents and maintenance, and that after waiting six (6) months for capital gain treatment, the properties could be sold for profit[1] with Correa retaining 20%. Correa also agreed to repurchase any property he obtained on their behalf upon request and at no loss to them. After presenting the real estate portion of the plan, Correa would then offer to sell life insurance policies whose value covered the cost of the real estate to insure that any mortgage balance would be paid off in the event of the purchaser's death.

The Jessmons agreed (were induced) to participate in the plan and obtained a second mortgage on their home and bought two $65,000 life insurance policies from Correa. This action commenced when Correa breached that portion of the agreement wherein Correa was obligated to repurchase the properties sold to the participants upon request. It appeared that at the time Correa arranged for the Jessmons to purchase a certain property from one James Swoish, Correa could not fulfill his portion of the agreement. The action ripened when the Jessmons demanded reimbursement upon their discovery that the second of the properties obtained on their behalf by Correa was, in fact, property owned by Correa himself and

---

[1] As it turned out, all of Correas' sales and resales were made from among the participants in the life insurance-real estate plan.

had been purchased by him from another of his plan participants only a month before the Jessmons were to close on the property. At this point in time, the Correas left the State and were later found to be living in California.

The original action was brought against the Correas and NPM, Mutual Benefit Life Insurance Company (including Brenno and Anderson) and James and Elinor Swoish. However, the only remaining parties are the Jessmons and the Correas. Judgment below was entered in the Jessmons' favor and Correas appeal only that portion of the judgment that characterizes the misrepresentations made to the Jessmons as fraudulent.

They argue specifically that finding of fact No. 43 is erroneous. Finding of fact No. 43 is the basis of the court's conclusions that the conduct was fraudulent.[2] We disagree and find substantial support in the record for the court's findings and conclusions. The testimony of Correa at trial is an example.

Q. Did you have some source of money that you could use if ten or fifteen of these people all wanted you to repurchase at the same time?

A. No.

Q. How did you intend to repurchase them then?

A. Because I always had a following of clients that wanted to buy real estate.

Q. I see. So when you say you would repurchase, what you really mean is you would find another client to buy.

A. Yes, that is what I did.

Rule 52(a) of the Hawaii Rules of Civil Procedure provides that findings of fact are not to be set aside unless they are clearly erroneous. Findings of fact are not clearly erroneous unless the reviewing court is "driven irrefragably to the conclusion that all objective appraisals of the evidence would result in a different finding." *Low v. Honolulu Rapid Transit*, 50 Haw. 582, 445 P.2d 372 (1968); *Wick Realty, Inc. v. Napili*

---

[2] *See* conclusions of law 4, 5, 6, 10 and 11.

*Sands Maui Corp.*, 1 Haw. App. 448, 620 P.2d 750 (1980); *Suesz v. St. Louis-Chaminade Education Center,* 1 Haw. App. 415, 619 P.2d 1104 (1980). We are not so driven and can find no justification to set aside the court's findings.

Finding of fact No. 34 indicates that Douglas Correa received a $570.00 commission from the sale of the insurance policies in connection with his real estate-insurance plan. Since we have affirmed the court's conclusion that the conduct of Correa in the real estate-insurance plan was fraudulent, retention of commission earned by his fraudulent conduct and payable from the premiums paid by the Jessmons is not justifiable. Therefore, the sum of $570.00 should have been included in the judgment entered below.

We affirm the judgment and remand the case to the trial court for further proceeding consistent with this opinion.

*Michael F. O'Connor (A. William Barlow* on the brief, *Barlow & O'Connor* of counsel) for defendants-appellants Douglas H. Correa and Marvy Veronica Correa.

*Jack C. Morse* for plaintiffs-appellees.